**AETNA CASUALTY & SURETY CO., Appellant,**

v.

**Gleb GLINKA, Trustee, Appellee.**

**No. 2:93–CV–3.**

United States District Court, D. Vermont.

May 17, 1993.

Joseph E. Frank, Paul Frank & Collins, P.C., Burlington, VT, and Harold S. Horwich, Hebb & Gitlin, Hartford, CT, for appellant.

James B. Anderson, Ryan, Smith & Carbine, Ltd., Rutland, VT, and Raymond J. Keegan, White Plains, NY, for appellee.

## OPINION AND ORDER

PARKER, Chief Judge.

Appellant, Aetna Casualty & Surety Co. ("Aetna") has appealed an order of the Bankruptcy Judge denying its Motion to Quash Subpoena or for a Protective Order. That Order, entered on January 4, 1993, directed production of documents for the purposes of an examination pursuant to Bankruptcy Rule 2004. In its Motion to Quash, Aetna had claimed attorney-client and attorney work product privileges and in response, the Order prospectively denied Aetna and its counsel the benefit of either of these privileges for purposes of the Trustee's investigation of an alleged bad faith claim. Aetna has made several arguments in support of its appeal: (1) the Bankruptcy Court erred in making factual findings based on incompetent evidence; (2) it was error for the Bankruptcy Court to conclude that an attorney-client relationship existed between the Debtor and Aetna's counsel, the law firm of J. Russel Clune, P.C. ("the Clune Firm"), and to further conclude that the attorney-client privilege between Aetna and the Clune Firm had been waived; (3) the Bankruptcy Court erred in applying New York laws of privilege rather than federal common law on the issue of whether the crime/fraud exception applied; (4) it was error for the Bankruptcy Court to hold that the Trustee had met the heightened standard for disclosure of attorney work product; and (5) the Bankruptcy Court erred in requiring immediate compliance with its Order. The Appellee has filed a Motion to Dismiss this Appeal for lack of jurisdiction.

## I. *PROCEDURAL HISTORY*

On March 23, 1992, David Nizen ("debtor") and his wife filed a voluntary petition for bankruptcy under Chapter 7 of the Bankruptcy Code. Gleb Glinka was appointed Trustee in the Nizen bankruptcy case. On July 7, 1992, the Bankruptcy Court entered an order on the Application of Kenneth Ecks, Guardian Ad Litem for Steven Ecks, for an examination of the debtor pursuant to Bankruptcy Rule 2004 ("Examination Order").[1] (R. at 14–18). The main purpose of the examination was to investigate a possible claim of bad faith against Aetna for failure to settle a pre-bankruptcy personal injury case filed in a state court in New York which ultimately resulted in a $46 million-plus verdict

---

**1.** Ecks attorney, Raymond Keegan, is also an attorney representing the Trustee in the bankruptcy case. Throughout the filings in this appeal the Examination Order is described as having been pursued by the Trustee. Apparently, the Trustee supports the Ecks Application for the Rule 2004 Examination and is now asserting that interest. The debtor was represented and does not oppose the Examination. (R. at 14). In fact, debtor has listed in his Schedules an asset characterized as "Right to sue Aetna Insurance [sic] on bad faith claim respecting the Ecks v. Nizen Judgment." (R. at 306).

against David Nizen.[2] In addition to the authorization to conduct an examination of the debtor, the Examination Order authorized subpoenas duces tecum to be served upon a number of persons including Allstate Insurance Company, Aetna, and attorney J. Russel Clune, (R. at 15). Those subpoenas were issued on behalf of the Ecks by their counsel, Raymond Keegan, on July 7, 1992.

Aetna and Allstate moved to quash the subpoenas on July 13, 1992, and requested that the Bankruptcy Court reconsider its order granting the 2004 Examinations. (R. at 286–325) The insurers argued that the Trustee's counsel, Raymond Keegan, also represented the Ecks in the state court personal injury action where an appeal was pending and thus, Keegan had a conflict of interest which barred him from investigating any bad faith claim against Aetna. On October 28, 1992, the Bankruptcy Court rejected this argument and denied the motion to quash the subpoenas and to reconsider the Examination Order. (R. at 422–23). A second order issued on October 30, 1992, clarifying the October 28, 1992 decision.[3] (R. at 424–25) In the October 30, 1992 order, the Bankruptcy Court required the Clune Firm to either produce the requested documents or to file a motion to quash based on asserted privileges.

On November 4, 1992, Aetna filed its second motion to quash the subpoenas duces tecum, and in the alternative, moved for a protective order with regard to numerous documents, claiming both an attorney-client privilege and the application of the attorney work product doctrine. A hearing on the matter was held on December 23, 1992. Ruling from the bench, the Bankruptcy Judge denied Aetna's motion and directed Aetna to produce its files. The Court also directed the Trustee to submit a proposed order to the Court. On January 4, 1993, Aetna filed a notice of appeal from the December 23, 1992, ruling.[4] Also on January 4, 1993, the Bankruptcy Court entered a written Order (signed December 31, 1992) which essentially reiterated the ruling on December 23, 1992, phrased as·a prospective directive that Aetna and Allstate "shall not have the benefit of the attorney-client privilege under State or Federal law, or the attorney work product/trial preparation privilege, under Bankruptcy Rule 7026(b)(3), or State law," to the extent that communications or preparations occurred in relation to the Ecks litigation. (R. at 224–25) Aetna and the Clune Firm were ordered to produce all files on the Ecks litigation up to and including the present date.[5] Aetna filed an amended notice of appeal to incorporate this written order of January 4, 1993 as the subject of the appeal now pending in this Court.[6]

## II. *SUBJECT MATTER JURISDICTION*

The Trustee, Appellee, challenges this appeal on jurisdictional grounds, arguing

---

**2.** Aetna and Allstate Insurance Company were the liability insurance carriers for David Nizen, providing coverage in the aggregate amount of $1,250,000. Allstate provided initial coverage of $250,000; Aetna provided personal excess indemnity coverage of $1M. During settlement negotiations demands for the limits of both policies were made. Allstate offered the $250,000, but Aetna declined to offer its policy limit.

**3.** Following the Bankruptcy Court's order on October 28, 1992 denying the insurers' motion, a telephonic conference was held between the Bankruptcy Judge, counsel for the Trustee, and counsel for Allstate and Aetna. During that conference the issue of Aetna's attorney-client privilege was raised. (R. at 127–131).

**4.** Aetna also filed an emergency motion in this Court to stay further discovery pending its appeal. That motion was denied as was Aetna's subsequent motion for reconsideration.

**5.** On February 8, 1993, the parties returned to the Bankruptcy Court for further clarification of the scope of the January 4 order. In particular, Aetna sought to exclude from the order those files or documents which were generated by counsel Aetna hired subsequent to the Ecks litigation. The Trustee represented that he was not seeking these materials and that they were not included in the original Rule 2004 Examination Order of July 7, 1992. The Bankruptcy Court ruled that these documents were not included in its order to Aetna to produce its files relating to the Ecks litigation. (R. at 440–465)

**6.** Initially, Aetna moved for leave to appeal the Bankruptcy Court's Order as an interlocutory order. On January 19, 1993, this Court determined that the Bankruptcy Court's Order of January 4, 1993 was a final order that appellants may appeal as of right and granted Aetna's motion for a stay pending appeal.

that Aetna's failure to appeal the July 7, 1992, and October 28, 1992, orders makes the appeal of the January 4, 1993 order moot. The Trustee contends that because the July 7 and October 28 orders were not appealed, they became final orders and the law of the case. Absent a timely appeal, this Court has no subject matter jurisdiction to review or amend these orders. Moreover, the Trustee argues that the appeal presently pending is simply a collateral attack on the earlier final orders and this Court has no jurisdiction to adjudicate such a claim. In essence, the Trustee argues that Aetna should have appealed the July 7 and October 28 orders; the January 4, 1993 order was redundant and of no independent consequence. The Court disagrees with the Trustee's analysis but for the reasons stated herein, grants the motion to dismiss the appeal. In so doing, the Court has reconsidered and now modifies its earlier ruling that the January 4 order was a final order.

As the Trustee points out, this is not an appeal of the Rule 2004 Examination Order. Further, Aetna has not appealed the denial of its motion to quash the subpoena based on a conflict of interest theory, nor the denial of its motion for reconsideration of the Examination Order itself. Contrary to the Trustee's assertions, however, and as explained below, these orders are interlocutory orders. What Aetna has appealed is a denial of its motion to quash the subpoenas, which were issued as authorized by the Examination Order, based on assertions of privilege.

■ This Court's jurisdiction has been invoked pursuant to 28 U.S.C. § 158(a) which governs appeals from bankruptcy courts. Section 158(a) extends appellate jurisdiction to district courts to hear appeals from a bankruptcy court's final orders, and with leave of the court, interlocutory orders. 28 U.S.C. § 158(a). In the context of bankruptcy proceedings, a final order is one which completely resolves all of the issues pertaining to a discrete claim. *In re Fugazy Express, Inc.*, 982 F.2d 769, 776 (2d Cir.1992). This concept of finality is a much more flexible and pragmatic one

than that pertaining to ordinary civil litigation. An order need not resolve all of the issues raised in the bankruptcy case to be considered a final order, it need only dispose of discrete disputes within the case. *Id.* In this context, a discrete dispute "means at least an entire claim on which relief may be granted." *Id.* at 775.

### A. The Examination Order of July 7, 1992

■ Applying this standard to the orders at issue here, this Court concludes that the Examination Order of July 7, 1992 was an interlocutory order. It served as an initial authorization to pursue broad discovery under Bankruptcy Rule 2004. *See In re Chateaugay*, 120 B.R. 707 (S.D.N.Y. 1990) (Bankruptcy court's order denying application for 2004 examination was an interlocutory order). The Examination Order was issued in response to an application filed by an interested party and it was not opposed by the debtor. However, a dispute arose regarding the issuance and scope of the subpoenas duces tecum authorized by the Examination Order which were to be issued to other parties, namely, Aetna and its counsel, the Clune Firm. Following what is standard procedure for contesting a subpoena, Aetna moved to quash, or in the alternative, for a reconsideration of the Examination Order itself. The Bankruptcy Court's consideration of the issues raised by Aetna's motions demonstrates that the Examination Order was not a final order. *In re Blinder, Robinson & Co., Inc.*, 127 B.R. 267, 272 (D.Colo.1991). It is only when a dispute "has been narrowed and there is no indication that further action by the bankruptcy court will be forthcoming" that an order concerning a Rule 2004 examination is considered final. *Id.* at 272–73. Accordingly, the July 7 Examination Order was an interlocutory order.

### B. The October 28, 1992 Order

■ The October 28, 1992 order, which addressed the issues raised in Aetna's first motion to quash, was also an interlocutory order. In that order the Bankruptcy Court ruled that there was no conflict of interest

in pursuing the Rule 2004 examination simply because Keegan represented both the Trustee in the Bankruptcy case and the Ecks in the state court action on appeal. The Bankruptcy Court ordered compliance with the subpoenas.

"As a general proposition most orders granting or denying discovery are not final orders ... and therefore are not immediately appealable." *In re International Horizons, Inc.*, 689 F.2d 996, 1000–1001 (11th Cir.1982) (citing *Rouse Construction Int'l, Inc. v. Rouse Construction Corp.*, 680 F.2d 743, 745 (11th Cir.1982)) (quotations omitted); 9 *Moore's Federal Practice* ¶ 110.13[2] at 132 (1991). Furthermore, in this case, a subsequent opinion by the Bankruptcy Court made clear that the October 28, 1992 order was not a final one. In an order signed October 30, 1992, the Bankruptcy Court stated that it was clarifying its earlier ruling and then ordered the Clune Firm to produce its complete files relating to the Ecks litigation, *or in the alternative*, to file a motion to quash based on a claim of privilege. The language of that order clearly indicates nonfinality in that further action by the Bankruptcy Court regarding the scope of the subpoenas was contemplated. *See In re Chateaugay Corp.*, 838 F.2d 59, 62 (2d Cir.1988). A motion to quash was timely filed and the privilege issues were argued at a hearing on December 23, 1992. At that hearing, the Bankruptcy Judge ruled from the bench, but thereafter reduced his ruling to a written order which was filed January 4, 1993. Thus, I find that the October 28, 1992 order was an interlocutory order.

## C. *The January 4, 1993 Order*

■ At the January 19, 1993, hearing this Court found that the January 4th order from the Bankruptcy Court was a final order since it resolved all of the issues pertaining to a discrete dispute in the bankruptcy case, the discovery dispute. The January 4 order defined the scope of the subpoenas duces tecum issued to Aetna and its counsel, the Clune Firm, and further, denied Aetna's second motion to quash and the motion for a protective order. Since all of the issues raised with regard to the permissible scope of discovery were resolved, this Court held that an immediate appeal as of right could be taken. *See In re Chateaugay Corp.*, 922 F.2d 86 (2d Cir.1990), *cert. denied sub nom. United Mine Workers of America 1974 Benefit Plan & Trust v. LTV Steel Co., Inc.* —— U.S. ——, 112 S.Ct. 1167, 117 L.Ed.2d 413 (1992).

■ In making that decision, the Court was mindful of the general rule that civil discovery orders are non-appealable; in particular, orders compelling testimony or production of documents. *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 377, 101 S.Ct. 669, 675, 66 L.Ed.2d 571 (1981). To obtain appellate review of an order compelling production or testimony in the rare case when an appeal after final judgment would not cure an erroneous ruling, a witness must refuse to obey the subpoena and suffer an order imposing a contempt penalty. *Id.* The contempt order is appealable, and the underlying order compelling production or testimony may be challenged in that appeal. *Id.* However, it is arguable whether such procedural requirements are warranted in a bankruptcy proceeding. *In re Blinder, Robinson & Co., Inc.*, 127 B.R. 267, 277 (D.Colo.1991). As explained by the Second Circuit,

> The need for different standards arises from the fact that a bankruptcy proceeding is umbrella litigation often covering numerous actions that are related only by the debtor's status as a litigant and that often involve decisions that will be unreviewable if appellate jurisdiction exists only at the conclusion of the bankruptcy proceeding. We have thus recognized that Congress intended to allow for immediate appeal in bankruptcy cases of orders that "finally dispose of *discrete disputes within the larger case*."

*In re Sonnax Indus., Inc.*, 907 F.2d 1280, 1283 (2d Cir.1990) (quoting *In re Saco Local Development Corp.*, 711 F.2d 441, 444 (1st Cir.1983)) (emphasis in the original).

In the *Blinder, Robinson* decision, the Colorado court found that discovery dis-

putes under Bankruptcy Rule 2004 require this more flexible, pragmatic approach to finality. *Blinder, Robinson,* 127 B.R. at 277. Since Rule 2004 examinations do not occur in the context of an underlying litigation, traditional rules of finality would only allow appeal of a Rule 2004 order upon the closing of the bankruptcy case. *Id.* Although largely dicta—ultimately, the Court held that the appeal was suitable for interlocutory review—the district court suggested that an order granting a request to close a Rule 2004 examination could constitute a final order. While that may be true in some limited circumstances, the facts surrounding the subpoenas and motions in the case at bar do not merit by-passing the requirement of a contempt adjudication before permitting an appeal.

At the hearing in this Court on January 19, 1993, the finality issue relative to the appealability of the January 4 order was discussed at length. The Court was persuaded by Aetna's assertion that there was nothing more the Bankruptcy Court could do—the Rule 2004 examination was to go forward and the subpoenas would not be quashed. In fact, that assertion was inaccurate as evidenced by the fact that on February 8, 1993, the parties returned to the Bankruptcy Court to further clarify the scope of the subpoenas as contemplated by the Bankruptcy Court in its January 4 order. Furthermore, at this point in the discovery process, this Court has no way of conclusively determining whether Aetna and the Clune Firm will refuse to comply with the subpoenas. Nor can this Court predict whether the Bankruptcy Court will issue a contempt order in the face of such a refusal. These circumstances require a finding that the January 4 order was indeed interlocutory.[7] *See Henry Ansbacher & Co. v. Klebanow (In re Ira Haupt & Co.),* 362 F.2d 569, 570 (2d Cir.1966); *In re Equitable Plan Co.,* 272 F.2d 158, 159 (2d Cir.1959). More recent cases from other circuits are also persuasive on this point. *See e.g., In re Jeannette Corp.,* 832 F.2d 43, 46 (3rd Cir.1987); *In re International Horizons, Inc.,* 689 F.2d 996, 1000–1001 (11th Cir.1982) (Order compelling debtor's accountant firm to produce documents which are allegedly privileged materials is not a final order from which accountant firm may appeal until accountant firm refuses to produce and an order of civil contempt is issued).

■ Accordingly, upon review of the Trustee's jurisdictional challenge in this appeal, I have now reconsidered my conclusion that the January 4th order was a final one, and specifically find that it was not.[8] I further find no reason to exercise my discretion to entertain an interlocutory appeal on this matter. The virtue of a contempt adjudication before allowing an appeal is that it affords the parties a "second look" before determining whether to pursue or resist the discovery. *In re Application of the American Tobacco Co.,* 866 F.2d 552, 554 (2d Cir.1989).

---

7. In some circumstances, where a discovery order is directed to a custodian of materials to which another person claims a privilege, the *Perlman* exception to the general finality requirement of a contempt order might apply. *See Perlman v. United States,* 247 U.S. 7, 38 S.Ct. 417, 62 L.Ed. 950 (1918); *In re International Horizons, Inc.,* 689 F.2d 996, 1001 (11th Cir. 1982). However, in this case, where the Clune Firm holds documents to which Aetna claims a privilege, the narrow exception outlined by *Perlman* and its progeny does not apply. The target of the disclosure order is both subject to the control of the person asserting the privilege and is a participant in the relationship from which the privilege arises, and thus, the *Perlman* exception is of no avail. *National Super Spuds Inc. v. New York Mercantile Exchange,* 591 F.2d 174, 179–180 n. 7 (2d Cir.1979).

8. Aetna's initial arguments to this Court included an argument that in the event that the Court should find the January 4, 1993, order to be interlocutory, the collateral order doctrine would apply. Application of the collateral order doctrine requires a finding that the order is effectively unreviewable. The issues raised in this appeal are reviewable in an appeal from a contempt sanction, should one be entered in this case. Accordingly, the collateral order doctrine would not apply at this juncture. *See United States v. Fried,* 386 F.2d 691, 694 (2d Cir.1967) (refusing to apply collateral order doctrine to denial of a motion to quash a subpoena).

*CONCLUSION*

In conclusion, the Trustee's motion to dismiss this appeal is hereby GRANTED. (Paper 16) This appeal is DISMISSED WITHOUT PREJUDICE. The Court's Order of January 19, 1993, staying the discovery pending appeal is hereby VACATED. The case is REMANDED to the Bankruptcy Court.