In re TOWERS FINANCIAL
CORPORATION, et al.,
Debtors.

Steven HOFFENBERG and Professional
Business Brokers, Inc., Appellants,

v.

Alan COHEN, Chapter 11 Trustee for
Towers Financial Corporation, et
al., Appellees.

No. 93 Civ. 8629 (MGC).

United States District Court,
S.D. New York.

March 16, 1994.

Anderson Kill Olick & Oshinsky, P.C. by Martin F. Brecker, New York City, for appellants.

Fried, Frank, Harris, Shriver & Jacobson by Douglas H. Flaum, Angelina Lim, New York City, for appellees.

## MEMORANDUM OPINION AND ORDER

CEDARBAUM, District Judge.

Appellants seek review of an October 4, 1993 memorandum decision by Bankruptcy Judge Abram denying their application to examine the chapter 11 trustee under Bankruptcy Rule 2004. For the reasons discussed below, the appeal is dismissed.

District courts have jurisdiction to hear appeals from "final judgments, orders, and decrees, and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges." 28 U.S.C. § 158(a). Bankruptcy court orders are considered final and therefore appealable as of right only when they "finally dispose of discrete disputes within the larger case." *Shimer v. Fugazy (In re Fugazy Express, Inc.)*, 982 F.2d 769, 775 (2d Cir.1992). A discrete dispute "means at least an entire claim on which relief may be granted." *Id.* at 775–76. Bankruptcy court orders granting or denying discovery do not finally dispose of an entire claim on which relief may be granted, and therefore are generally treated as interlocutory and not appealable as of right. *International Horizons, Inc. v. Committee of Unsecured Creditors (In re International Horizons, Inc.)*, 689 F.2d 996, 1001 (11th Cir.1982) (bankruptcy court order compelling production of allegedly privileged documents); *see also Kittay v. Battle Fowler (In re Stockbridge Funding Corp.)*, Adv. No. 92–9398, 1993 WL 205225 (S.D.N.Y. June 8, 1993) (bankruptcy court order denying production of certain documents); *In re Chateaugay Corp.*, 120 B.R. 707, 711 (S.D.N.Y.1990) (order denying application for Rule 2004 examination); *Aetna Casualty & Surety Co. v. Glinka*, 154 B.R. 862, 866 (D.Vermont 1993) (bankruptcy court order defining scope of subpoena); *Hotel Syracuse, Inc. v. Syracuse Industrial Development Agency*, No. 90–02921, 1991 WL 274253 (N.D.N.Y.1991) (bankruptcy court enforcement of a subpoena). This is in harmony with the accepted view that discovery decisions in civil cases are not final orders appealable as of right. *Chase Manhattan Bank v. Turner & Newall*, 964 F.2d 159, 161–62 (2d Cir.1992); *Xerox Corp. v. SCM Corp.*, 534 F.2d 1031, 1032 (2d Cir.1976) (per curiam).

Since appellants have been unable to find a case in which an order denying a Rule 2004 examination was considered a final order, they rely on dictum in *In re Blinder Robinson & Co., Inc.*, 127 B.R. 267 (D.Colo. 1991) to argue that bankruptcy court discovery orders are not always interlocutory. In *Blinder & Robinson*, the district court held that the order appealed from was interlocutory, but stated:

This is not to say that all appeals from Rule 2004 orders are non-final. This question should be resolved on a case-by-case basis. Where the dispute has been narrowed and there is no indication that fur-

ther action by the bankruptcy court will be forthcoming, an order concerning Rule 2004 examinations should properly be considered final.

127 B.R. at 272–73. Appellants argue that the order appealed from is a final order because at a hearing on February 2, 1994 Bankruptcy Judge Abram stated that she "probably would not allow a 2004 by Mr. Hoffenberg under any circumstances." From this appellants argue that the bankruptcy judge has made a "final" ruling on their request to examine the trustee under Rule 2004.

Even if *Blinder & Robinson* creates an exception to the rule that bankruptcy court discovery orders are not appealable, Bankruptcy Judge Abram's explanation of her decision does not come within the language on which appellants rely. Appellant Hoffenberg is a defendant in adversary proceedings brought by the trustee. Civil actions and a criminal complaint have also been filed against him. Bankruptcy Judge Abram stated that she could not "conceive of any legitimate purpose that Mr. Hoffenberg would have to depose the trustee other than an attempt to in some way defend himself against the allegations that have been made against him." Thus, she reasoned that he should pursue discovery in the adversary proceedings under the Federal Rules of Civil Procedure rather than seeking a general inquiry under Rule 2004. Nevertheless, she added that if appellants wished to pursue discovery that pertained only to the debtor's bankruptcy and was unrelated to adversary proceedings involving appellants individually, she would consider such an application. This is not, therefore, a situation in which "there is no indication that further action by the bankruptcy court will be forthcoming" or "[w]here the dispute has been narrowed."

 In certain circumstances a district court may grant leave to appeal an interlocutory order of a bankruptcy court. The standard applied is the same as that used to determine whether to permit an interlocutory appeal from the district court to the court of appeals under 28 U.S.C. § 1292. *See, e.g., In re Prudential Lines,* 160 B.R. 32, 34 (S.D.N.Y.1993). Permission should be granted only if the order appealed from:

> involves a controlling question of law such that there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation.

28 U.S.C. § 1292. Appellants have not made a showing that meets this standard. Questions that arise during the course of a bankruptcy proceeding concerning the appropriate scope of discovery and that do not involve controlling questions of law are left to the sound discretion of the court that is fully familiar with the entire proceeding—the bankruptcy judge. Accordingly, leave to appeal from Bankruptcy Judge Abram's interlocutory order is denied, and the appeal is dismissed.

SO ORDERED.