**Peter D. GACHE, Plaintiff,**

v.

**Barbara BALABER–STRAUSS, as Trustee of the Bankruptcy Estate of Peter D. Gache, Defendant.**

**No. 96 Civ. 1613 (BDP).**

United States District Court, S.D. New York.

July 24, 1996.

---

Peter D. Gache, Sag Harbor, NY, Pro Se.

Barbara Balaber–Strauss, Trustee, White Plains, NY.

## MEMORANDUM DECISION AND ORDER

BARRINGTON D. PARKER, Jr., District Judge.

Peter Gache ("Gache") appeals two orders of the Bankruptcy Court (Connelly, J.). First, he appeals the Court's November 30, 1995 order granting the United States Trustee's ("the Trustee") motion directing the Debtor to appear for an examination pursuant to Bankruptcy Rule 2004 and to produce documents. Second, he appeals the Court's approval in December, 1995 of the Trustee's interim award of fees and expenses as part of the interim distribution of the proceeds of the sale of the Debtor's Idaho property.

## BACKGROUND

Specifically, Gache appeals an *ex parte* order of November 30, 1995 directing that he appear for an examination and produce documents pursuant to Bankruptcy Rule 2004. Gache did not seek a stay of this order but instead appeared for the examination, invoked his fifth amendment privilege against self incrimination and refused to answer any questions or produce any documents. Consequently, the Trustee made another motion to compel the Debtor to appear for another examination pursuant to 2004, and this time, answer and produce documents.

On December 19, 1995, Judge Connelly issued an Order granting interim fees and expenses to the Trustee in the amount of $38,382.28. The Debtor appeals both of these Orders.

## DISCUSSION

The Trustee challenges this court's jurisdiction to hear these instant appeals. She argues that since the decisions of the bankruptcy court were interlocutory orders and not final orders, they are not appealable. Gache, on the other hand, argues that the bankruptcy court's rulings are final orders from which he may appeal as of right.

This court's jurisdiction to hear appeals from decisions of the bankruptcy court is conferred by 28 U.S.C. § 158(a), which provides in part that "[t]he district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders and decrees and with leave of the court from interlocutory orders and decrees, of bankruptcy judges" ... The "finality requirement for appeals is more flexible in bankruptcy than in ordinary civil litigation." *In re Holly Flor*, 79 F.3d 281, 283 (2d Cir.1996); *In re Johns–Manville Corp.*, 824 F.2d 176, 179 (2d Cir.1987).

■ An order need not resolve all of the issues raised in the bankruptcy case to be considered a final order, it need only dispose of discrete disputes within the case. *In re Fugazy Express*, 982 F.2d 769, 776 (2d Cir. 1992). In this context, a discrete dispute "means at least an entire claim on which relief may be granted." *In re Fugazy*, 982 F.2d at 775. Therefore, Judge Connelly's ruling is not a final decision unless it necessarily resolves all of the issues pertaining to a discrete claim.

■ Applying this standard to the orders at issue here, the Bankruptcy court's order of December 19, 1995 authorizing a portion of the fee payments was not a final order. See *In re Stable Mews Assoc.*, 778 F.2d 121, 123 (2d Cir.1985) ("a decision approving a partial payment of fees to a trustee/attorney whose meter is still running simply is not ... a final decision."); see also *In re Firstmark*, 46 F.3d 653, 655 (7th Cir.1995). Accordingly, Gache's appeal of the December 19, 1995 order is not final and is not ordinarily appealable.

■ As for the November 30 order, it served as an initial authorization to pursue discovery under bankruptcy rule 2004. See *In re Chateaugay*, 120 B.R. 707 (S.D.N.Y.

1990); *Aetna Casualty & Surety Co. v. Glinka*, 154 B.R. 862 (D.Vt.1993). The court approved the Trustee's application for deposition testimony and production of documents, and Gache appeared at the deposition. However, because the Court has not resolved the Trustee's second motion to compel, the November 30 order was not, for this and other reasons, final. See *Aetna*, 154 B.R. at 866 ("it is only when a dispute 'has been narrowed and there is no indication that further action by the bankruptcy court will be forthcoming' that an order concerning a Rule 2004 examination is considered final.") (*citing In re Blinder, Robinson & Co.*, 127 B.R. 267, 272 (D.Colo.1991)).

In some cases, however, interlocutory orders are appealable. In considering motions for leave to appeal from an interlocutory order under § 158(a) and Bankruptcy Rule 8003, we apply 28 U.S.C. § 1292(b) which governs interlocutory appeals from district courts to circuit courts. See *In re Bimco Industries*, 124 B.R. 623, 626 (E.D.N.Y.1991); *In re Ahearn*, 78 B.R. 24, 25 (S.D.N.Y.1987); *In re Manville Forest Products Corp.*, 47 B.R. 955, 957 (S.D.N.Y.1985).

■ Under section 1292(b) interlocutory orders that are otherwise nonappealable may be appealed only if: (1) the order involves an issue about which there is substantial ground for difference of opinion; (2) a controlling question of law is involved; and (3) immediate appeal from the order may materially advance the ultimate termination of the litigation. See 28 U.S.C. 1292(b). In bankruptcy cases, courts will entertain an interlocutory appeal "only when exceptional circumstances exist." *In re Johns–Manville Corp.*, 47 B.R. 957, 960 (S.D.N.Y.1985). None are presented here.

■ Gache has not demonstrated any substantial ground for differences of opinion as to the questions of law involved in either of Judge Connelly's orders. See *Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 25 (2d Cir.1990); *In re IBI Security Service*, 174 B.R. 664, 669 (E.D.N.Y.1994) ("for there to be substantial grounds for difference of opinion regarding an issue, the issue must involve more than strong disagreement be-

tween the adversary parties" (citations omitted)). Gache has not demonstrated that the discovery order involved here presents a controlling question of law. See *In re Towers Financial Corp.,* 164 B.R. 719, 720 (S.D.N.Y.1994); *Stone Container Corp. v. Owens–Illinois Inc.,* 528 F.Supp. 794, 796 (N.D.Ga.1981) (generally "discovery orders do not present controlling questions of law" that will materially advance termination of the litigation so as to justify interlocutory appeal"); see also 8 Charles Alan Wright & Richard L. Marcus *Federal Practice & Procedure,* § 2006 at 31 (1970 ed.) ("[o]rdinarily it is difficult to believe that a discovery order will present a controlling question of law or that an immediate appeal will materially advance the termination of the litigation"). As we have already noted, interim fee applications are typically not appealable. Finally, while Judge Connelly stayed his decision on the motion to compel pending this Court's determination of the instant appeal, this is not sufficient to satisfy plaintiff's burden of showing that the exceptional circumstances outlined in 1292(b) exist that justify departure from the basic policy of postponing review of interlocutory orders until after final judgment has been entered. See *In re Johns–Manville,* 47 B.R. at 957.

Accordingly, we find that interlocutory review of the November 30 Order as well as the December 19 Order will not materially advance the litigation and is therefore not warranted under 28 U.S.C. § 1292(b).

## CONCLUSION

For the reasons stated, Gache's appeals are dismissed. The clerk shall enter judgment.

**SO ORDERED.**