165 F.3d 34
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
In the Matter of: Clarence L. VANCE, Debtor.
Clarence L. VANCE, Appellant,
v.
Thomas LESTER, Trustee, Appellee.
 No. 98-1470.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 15, 1998*.
Decided Nov. 2, 1998.
 
 Appeal from the United States District Court for the Northern District of Illinois, Western Division. No. 97 C 50334. Philip G. Reinhard, Judge.
 Before Hon. KENNETH F. RIPPLE, Hon. DANIEL A. MANION, Hon. MICHAEL S. KANNE, Circuit Judges.
 
 ORDER
 
 1
 Clarence Vance voluntarily filed for bankruptcy pursuant to Chapter 7 of the Bankruptcy Code. The bankruptcy court entered postdischarge orders disallowing Vance's claimed exemption of his interest in a personal trust and granting the trustee's motion that Vance be required to submit to a Rule 2004 examination. The district court affirmed both orders, finding that the bankruptcy court retained postdischarge authority to issue the orders and that the trustee timely had objected to Vance's claimed exemption. We affirm.
 
 
 2
 In his petition for relief pursuant to § 301 of the Bankruptcy Code, Vance listed as exempt personal property his interest in the "Clarence Vance Trust." Thomas Lester (the "trustee") filed an objection to Vance's personal trust exemption on June 18, 1997. The creditors met as required by Rule 2003 of the Bankruptcy Rules on June 12, 1997. As there were no objections to Vance's discharge, the bankruptcy court entered a discharge order dated July 10, 1997, releasing Vance from all dischargeable debts and enjoining creditors from "instituting or continuing any action to collect the debtor's discharged debts and personal liabilities." At the time of the discharge, the trustee's objection to Vance's claimed exemption was still pending. Subsequently, the court entered an August 6, 1997, order disallowing Vance's claimed exemption for his personal trust. In a second post-discharge order dated September 2, 1997, the bankruptcy court granted the trustee's motion for an examination of Vance pursuant to Rule 2004 of the Bankruptcy Rules. The trustee sought in that motion to obtain tax returns, the trust agreement and other documents relating to Vance's personal trust.
 
 
 3
 Vance appeals the district court's determination, arguing first that the discharge order enjoined the trustee from reaching the purportedly exempt property. He further argues that the trustee waived his objection to Vance's claimed exemption by failing to object to discharge. The trustee counters that discharge does not abrogate a trustee's statutory responsibility to administer the bankruptcy estate, and that he properly objected to Vance's claimed exemption.
 
 
 4
 We review the bankruptcy court's findings of fact for clear error. In re Paeplow, 972 F.2d 730, 733 (7th Cir.1992). The bankruptcy court's conclusions of law are reviewed de novo. Id. This appeal exclusively involves questions of law.
 
 
 5
 Although neither the district court nor the parties address the issue, we first consider whether we have jurisdiction to review the bankruptcy court's order granting a Rule 2004 examination. A majority of courts that have considered the issue have held that orders granting or denying Rule 2004 examinations are, like discovery orders, interlocutory. See In re Towers Fin. Corp., 164 B.R. 719, 720 (S.D.N.Y.1994); Aetna Cas. & Sur. Co., 154 B.R. 862, 868 (D.Vt.1993); In re Blinder Robinson Co., 127 B.R. 267, 272 (D.Colo.1991). This court does not have jurisdiction to consider appeals from interlocutory orders in bankruptcy proceedings, see 28 U.S.C. § 158(d); indeed, we have jurisdiction only in cases where both the bankruptcy court and the district court have entered final orders. In re Devlieg, Inc., 56 F.3d 32, 33 (7th Cir.1995); In re Behrens, 900 F.2d 97, 99 (7th Cir.1990). Because the order granting the trustee's motion for a Rule 2004 examination is not a final order, we do not have jurisdiction to consider Vance's challenge to that order. Therefore, the part of Vance's appeal that asks us to review the bankruptcy court's order granting a Rule 2004 examination must be dismissed for lack of jurisdiction. However, because the order disallowing Vance's claimed exemption is final, we address the merits of Vance's claims as to that order only.
 
 
 6
 The trustee of a bankruptcy estate is charged with collecting and liquidating the property of the estate to satisfy creditors' claims. 11 U.S.C. § 704(1). In addition, the trustee is responsible for investigating the financial affairs of the debtor, and opposing discharge "if advisable." Id. § 704(4), (6). Nothing in § 704, or the discharge provision, see id. § 727, or any other relevant section of the Bankruptcy Code suggests that these duties are terminated or altered by discharge of the debtor.
 
 
 7
 The district court held that the trustee timely objected to Vance's claimed exemption. Objections to claimed exemptions must be filed within 30 days after the meeting of creditors held pursuant to Rule 2003. Bankr.R. 4003. Because the meeting of creditors was held June 12, 1997, the trustee met the prescribed deadline by filing his objection six days later, on June 18. Because the trustee filed his objection to the claimed exemption before the discharge order was entered, the discharge order could not have enjoined the trustee from raising that objection. In any event, the discharge order would not bar the trustee's actions because, by its express terms, the discharge order only prohibits "creditors" from initiating or continuing actions to "collect debts as personal liabilities of the debtor." Nonexempt property belongs to the estate, not the debtor, and it is the trustee's statutory duty to ensure that exempt property remains in the bankruptcy estate.
 
 
 8
 Vance's waiver argument is likewise without merit. As the district court recognized, discharge and exemption are governed by two distinct rules that prescribe correspondingly different periods for objections. Compare Bankr.R. 4003(b) (objection to exemption must be filed within 30 days after the meeting of the creditors) with Bankr.R. 4004(a) (complaint objecting to discharge must be filed within 60 days of the scheduled meeting of the creditors). Exemption and discharge also have different consequences. A Chapter 7 discharge releases the debtor from "all liabilities arising prior to the filing of the bankruptcy petition." In re Birkenstock, 87 F.3d 947, 950 (7th Cir.1996). By contrast, exemptions immunize property which would otherwise belong to the estate from "seizure or attachment for satisfaction of debts incurred prior to the bankruptcy proceeding." In re Scarpino, 113 F.3d 338, 340 (2d Cir.1997). Accordingly, Vance's contention that the trustee was required to object to discharge to preserve his right to object to the claimed exemptions must fail.
 
 
 9
 Vance's second contention on appeal is that the bankruptcy court did not have authority to enter the orders after he was discharged from bankruptcy. This argument merits little discussion because discharge of the debtor does not terminate a bankruptcy court's jurisdiction. See, e.g., 11 U.S.C. § 727(d) (bankruptcy court may revoke discharge if the debtor has committed a fraud or failed to report the acquisition of property after the petition was filed). Therefore, the bankruptcy court had authority to enter both orders after Vance's discharge.
 
 
 10
 For the foregoing reasons, Vance's appeal from the bankruptcy court order granting a Rule 2004 examination is DISMISSED, and the order disallowing Vance's claimed exemption is AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f)