# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 10, 2012

No. 11-51167

Lyle W. Cayce
Clerk

In the Matter of: STEPHEN PATRICK TULLIUS,
doing business as Blue Ribbon Homes,
doing business as Premium Blue Ribbon Homes, L.L.C.,
doing business as Eleven-Seventeen, L.L.C.,
doing business as Business Mastery Group, L.L.C.,
doing business as BR Products & Services, L.L.C.,

Debtor

------------------------------

LA TIERRA INTERIORS, INCORPORATED,
LA TIERRA INTERIORS SOLID SURFACES, L.L.C.,

Appellants

v.

WASHINGTON FEDERAL SAVINGS,

Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:11-MC-365

Before WIENER, CLEMENT, and PRADO, Circuit Judges.

No. 11-51167

WIENER, Circuit Judge:[*]

Appellants La Tierra Interiors, Inc. and La Tierra Solid Surfaces, LLC (collectively, "La Tierra") are creditors in an underlying Chapter 13 bankruptcy case. La Tierra appeals from the district court's order denying leave to appeal and dismissing its case against appellee Washington Federal Savings ("WFS"), the financial institution from which La Tierra sought discovery in that case. As we do not have jurisdiction to hear that appeal, we DISMISS.

## I. FACTS AND PROCEEDINGS

In May 2011, La Tierra served WFS with a subpoena for a Rule 2004 Examination,[1] seeking the financial records of both the bankruptcy debtor, Stephen Patrick Tullius, and his business partner, Edward Lapuma, who is not a party to the bankruptcy proceeding. La Tierra suspected that these two had fraudulently transferred or conveyed Tullius's assets to shield them from La Tierra and other creditors. WFS sought to quash the subpoena, and, following a hearing in June 2011, the bankruptcy court granted that motion in part, limiting production to those accounts on which Tullius was an authorized signatory. The bankruptcy court also ordered La Tierra to prepay WFS's costs of complying with the subpoena.

A month later, La Tierra filed a motion to compel, urging the bankruptcy court to revisit its earlier decision limiting the scope of discovery. At the hearing on this motion, the court admonished La Tierra's counsel for seeking to relitigate old issues, for driving up the non-party bank's legal costs, and for otherwise ignoring Federal Rule of Civil Procedure 45's requirement that a party issuing

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] *See* FED. R. BANKR. P. 2004.

2

No. 11-51167

a subpoena take steps to avoid imposing an undue burden. The court denied La Tierra's motion to compel without prejudice, reiterated that La Tierra must prepay WFS's costs of production, and ordered La Tierra to pay WFS $1,000 as reasonable attorneys fees.[2] The court commemorated its oral pronouncements on both the motion to quash and the motion to compel in a pair of briefly written orders without reasons, entered early in August (collectively, the "discovery orders").

La Tierra appealed the discovery orders to the district court later that month. After the district court concluded that those orders were interlocutory, it denied La Tierra leave to appeal them under 28 U.S.C. § 158(a)(3) and dismissed the case. It is from this order of the district court that La Tierra now appeals. It contends that the bankruptcy court erred when it limited the scope of discovery, shifted production costs to La Tierra, imposed sanctions, and, in each instance, did so without issuing written reasons in its orders.

WFS seeks dismissal of this appeal, contending that this court lacks jurisdiction to hear an appeal from an order of the district court that is interlocutory. Consequently, WFS also requests sanctions, asserting that La Tierra's appeal is frivolous.

## II. ANALYSIS

### A. Jurisdiction

La Tierra advances two bases for this court to exercise jurisdiction over its appeal. First, it disputes WFS's categorization of the district court's order as interlocutory, asserting instead that the district court's dismissal and denial of leave was a final order appealable under 28 U.S.C. § 158(d)(1). Second, it

---

[2] The hearing transcript contains this information.

No. 11-51167

contends that the collateral order doctrine supports this court's jurisdiction. We address these putative jurisdictional bases in turn.

*1. Final order under 28 U.S.C. § 158(d)(1)*

Under 28 U.S.C. § 158, district courts have jurisdiction to hear appeals "from final judgments, orders, and decrees" of the bankruptcy court, as well as interlocutory orders and decrees from which the district court has granted leave to appeal.[3]  Courts of appeals, however, have jurisdiction over appeals from a district court's final decisions only.[4]  Although it is the finality of the district court's order that ultimately determines our jurisdiction, in this case, we must consider the finality of the underlying bankruptcy court orders at issue.  This is because a district court's decision generally will be final under § 158(d)(1) only when the bankruptcy court's order was similarly final under § 158(a)(1).[5]

---

[3] *See* 28 U.S.C. § 158(a)(1),(3).

[4] *See* 28 U.S.C. § 158(d)(1); *ASARCO, Inc. v. Elliott Mgmt. (In re Asarco)*, 650 F.3d 593, 599 (5th Cir. 2011).

[5] *In re Asarco*, 650 F.3d at 599.  In rare cases, a bankruptcy court's interlocutory order may be "cured" of its nonfinality by the district court, and the merits rendered ripe for review on appeal to the court of appeals.  *In re Phillips*, 844 F.2d 230, 234–35 (5th Cir. 1988).  A district court's reversal of a bankruptcy court's order denying a motion to dismiss for lack of subject matter jurisdiction provides one such example—effectively ending a dispute that had remained alive when appealed from the bankruptcy court.  *Id.* (citing *In re Cash Currency Exch.*, 762 F.2d 542 (7th Cir. 1985)).

The instant case exemplifies the general rule, and not the exception: If the bankruptcy court's discovery orders were interlocutory, then the district court's order did nothing to "cure" the nonfinality, and this court would lack jurisdiction to hear the appeal.  *See In re Asarco,* 650 F.3d at 599 ("Because the district court did not grant leave to appeal in this case, its jurisdiction—as well as our own—depends on the finality of the bankruptcy order appealed from."); *S.C. of Okaloosa, Inc. v. Sunnyside Timber LLC*, 81 F. App'x 840, 841 (5th Cir. 2003) ("Because the district court order simply affirmed the bankruptcy court, it could not have cured the interlocutory nature of that order."); *Aucoin v. S. Ins. Facilities Liquidating Corp. (In re Aucoin),* 35 F.3d 167, 169 n.5 (5th Cir. 1994) ("[T]he district court affirmed, and did not change or 'cure' the interlocutory nature of[] the bankruptcy court's order[.]"); *In re Moody*, 817 F.2d 365, 366 (5th Cir. 1987) ("[I]f the bankruptcy court order was indeed interlocutory, the district court's denial of leave to appeal would also be interlocutory and hence unappealable

No. 11-51167

This court has held that discovery orders in civil litigation are interlocutory for the purposes of 28 U.S.C. § 1291—the statute providing appellate jurisdiction over all final decisions of the district courts.[6] But the finality requirement is applied more flexibly in bankruptcy appeals under § 158 than under § 1291. A bankruptcy case need not be appealed as a single judicial unit at the end of the entire bankruptcy proceeding; rather, an order "must constitute either a 'final determination of the rights of the parties to secure the relief they seek,' or a final disposition 'of a discrete dispute within the larger bankruptcy case for the order to be considered final.'"[7] Notwithstanding this

---

as well."). *Accord In re Am. Colonial Broad. Corp.*, 758 F.2d 794, 800–01 (1st Cir. 1985); *In re Tidewater Grp., Inc.*, 734 F.2d 794, 796 (11th Cir. 1984).

[6] *See, e.g., Periodical Publishers Serv. Bureau, Inc. v. Keys*, 981 F.2d 215, 217–18 (5th Cir. 1993) ("Discovery orders are not generally appealable because usually they are not final decisions within the meaning of 28 U.S.C. § 1291."). *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812 (5th Cir. 2004), provides one exception. In that case, a discovery order rendered in a Texas district court was unreviewable in the Second Circuit, where the substantive litigation was taking place. For the aggrieved party in the discovery dispute to receive an appeal in *any* court, at *any* time, required that the district court's discovery order be deemed final and, thus, appealable in the Fifth Circuit.

[7] *Bartee v. Tara Colony Homeowners Ass'n (In re Bartee)*, 212 F.3d 277, 282 (5th Cir. 2000) (quoting *Internal Revenue Serv. v. Orr (In re Orr)*, 180 F.3d 656, 659 (5th Cir. 1999)).
For example, this court has found final those orders: appointing a Chapter 11 trustee, *Cajun Electric Power Coop. v. Cent. La. Electric Co. (In re Cajun Electric Power Coop.)*, 69 F.3d 746, 748 (5th Cir. 1995), *withdrawn, in part, on other grounds*, 74 F.3d 599, 600; fixing the amount of a creditor's claim, *In re Moody*, 849 F.2d 902, 905 (5th Cir. 1988); recognizing a creditor's security interest, *In re Lift & Equip. Serv., Inc.*, 816 F.2d 1013, 1016 (5th Cir. 1987); granting or denying an exemption, *In re England*, 975 F.2d 1168, 1172 (5th Cir. 1992); and requiring the turnover of property, *In re Moody*, 817 F.2d 365, 366. Examples of final decisions from other courts of appeals include those orders: approving the sale of property of the estate; dismissing a case under section 707(b) of the Bankruptcy Code; denying a motion by a creditor or debtor to dismiss a case; allowing or disallowing a homestead exemption; permitting rejection of an executory contract; confirming a Chapter 11 or Chapter 13 plan; fixing the amount of a creditor's claim; substantively consolidating two or more cases; approving a settlement agreement under Bankruptcy Rule 9019; subordinating a claim; and avoiding a mortgage. *See* 1 COLLIER ON BANKRUPTCY § 5.08 (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2012) (collecting cases).
On the other hand, nonfinal interlocutory orders typically fall within one of two categories: orders in which the merits of the discrete judicial unit are not determined, or

more flexible approach to finality in bankruptcy appeals, federal courts have concluded overwhelmingly that a bankruptcy court's discovery orders are interlocutory decisions from which an appeal to the district court does not lie as a matter of right.[8]

La Tierra seeks to avoid this conclusion by casting the discovery orders at issue here as "final adverse determinations" of its substantive rights to the desired discovery. Its efforts are unavailing for two reasons. First, even though it is not always easy to identify the relevant judicial unit from which an appeal might lie, that is not a problem in this instance. The Rule 2004 discovery process here was but a preliminary step in a larger phase of the instant bankruptcy proceeding, a *means* of acquiring information for possible later use. The orders at issue, even when viewed together, formed "too small a litigation unit to justify treatment as a final judgment."[9] Second, those orders did not even resolve all issues pertaining to the discovery process. As La Tierra's motion to compel was denied *without prejudice* and with the recognition that the parties would continue to negotiate production of additional documents, La Tierra would

---

orders that *do* reach the merits, but which do not constitute "the end of the road for the losing party." *See id.* An example of the former is an order assessing ongoing costs of maintaining collateral against a secured creditor when the amount of those costs remained to be determined. *See In re Beker Indus. Corp.*, 89 B.R. 336, 340 (S.D.N.Y. 1988). An example of the latter includes an order denying a motion to dismiss. *See In re Phillips*, 844 F.2d 230, 325–36.

[8] *See, e.g., In re Vance*, No. 98-1470, 1998 WL 783728, *1, 165 F.3d 34 (7th Cir. Nov. 2, 1998); *In re Jeannette Corp.*, 832 F.2d 43, 46 (3d Cir. 1987); *Speer v. Tow (In re Royce Homes LP),* 466 B.R. 81, 90–91 (S.D. Tex. 2012); *Citron & Deutsch, A Law Corp. v. Ya Hsin Indus. Co. (In re Protron Digital Corp.),* 2011 U.S. Dist. LEXIS 47785, *6 (C.D. Cal. Apr. 27, 2011); *In re Gray*, 447 B.R. 524, 531 (E.D. Mich. 2011); *In re Dental Profile, Inc.*, 2010 U.S. Dist. LEXIS 9898, *8 (N.D. Ill. Feb. 1, 2010); *Kaiser Grp. Int'l, Inc. v. Ostrava (In re Kaiser Grp. Int'l, Inc.)*, 400 B.R. 140, 143–44 (D. Del. 2009); *In re Countrywide Home Loans, Inc.*, 2008 U.S. Dist. LEXIS 45828, *9 (W.D. Pa. June 11, 2008); *Hoffenberg v. Cohen (In re Towers Fin. Corp.),* 164 B.R. 719, 720–21 (S.D.N.Y. 1994).

[9] *In re Comdisco, Inc.*, 538 F.3d 647, 651 (7th Cir. 2008).

No. 11-51167

not be precluded from seeking to compel production again in the future (albeit on grounds distinct from challenges to the bankruptcy court's already-imposed limitations).[10] Stated differently, at the time it appealed to the district court, La Tierra had not reached the end of the road; it had merely been forced down a less desirable path.

La Tierra next contends that, because the bankruptcy court confirmed the debtor's plan[11] and no adversary proceedings ever took place, it will have no final decisions in the bankruptcy court from which to appeal. As a result, it argues, the bankruptcy court's discovery orders constitute the final adjudication of the only rights that La Tierra will ever have in these proceedings. La Tierra fails to recognize, however, that the order confirming the plan was itself a final order[12] from which it could have appealed if it had had objections to confirmation.[13] The challenged discovery orders would have been reviewable in such appeal. Even if those discovery orders are now insulated from review and

---

[10] *Cf. In re Royce Homes LP,* 466 B.R. at 91 (finding order granting a trustee's motion to compel production over privilege assertions to be interlocutory, in part because court could not "determine whether Speer will fully comply with the discovery order or whether the parties will take further action"); *Aetna Cas. & Sur. Co. v. Glinka*, 154 B.R. 862, 868 (D. Vt. 1993) (reasoning that discovery order was interlocutory since the court "ha[d] no way of conclusively determining whether Aetna . . . will refuse to comply with the subpoenas" and, if it indeed refused, whether the bankruptcy court would enter a contempt order).

[11] The bankruptcy court confirmed the plan on October 12, 2011—two months after La Tierra filed its August 17 appeal from the bankruptcy court's discovery orders.

[12] *United Student Aid Funds, Inc. v. Espinosa*, 130 S. Ct. 1367, 1376 (2010) (confirmation of Chapter 13 plan is a final, appealable order).

[13] Whether La Tierra would have standing to appeal a confirmation order in this case, absent an earlier objection, is doubtful. *See* 1 COLLIER ON BANKRUPTCY § 5.07 (noting, in a discussion about standing to appeal an order of the bankruptcy court, that "an appearance at and objection to (or support of) the matter being considered by the bankruptcy court have been held prerequisite to the right to appeal").

No. 11-51167

La Tierra is left without redress—which is hardly certain[14]—at the time that La Tierra appealed the bankruptcy court's discovery orders, it had ways to appeal so that the discovery orders would have been reviewed. The fact that no adversary proceedings were filed or objections to the plan lodged is merely a consequence of La Tierra's failure to preserve its rights.

Finally, La Tierra's contention that the bankruptcy court's confirmation of the plan "cured" the nonfinality of the discovery orders for purposes of *this* appeal is meritless. There is no support for La Tierra's position that an order of the *bankruptcy court* may cure the nonfinality of an earlier order from which an aggrieved party has sought an appeal. Rather, under circumstances not present here, a *district court* may cure the nonfinality of a bankruptcy court's interlocutory order by reversing and entering an order of its own that conclusively resolves a discrete dispute.[15] In this case, the bankruptcy court's confirmation of the plan might have rendered the subject discovery orders *reviewable* in an appeal from the order of confirmation, but confirmation did not render those discovery orders *appealable* in their own right.

As the underlying discovery orders in this case were interlocutory, the district court's order denying La Tierra leave to appeal and dismissing its case was likewise interlocutory. We are therefore without authority under 28 U.S.C. § 158(d)(1) to review that order.[16]

---

[14] WFS notes, for example, that La Tierra still may seek to modify or revoke the plan, and may seek to avoid fraudulent transfers by exercising its avoidance powers. *See* 11 U.S.C. § 546 (Limitations on avoiding powers). La Tierra has not answered these contentions. We need not consider whether these avenues in fact remain available to La Tierra, or whether the discovery orders would be reviewable on appeal from any final orders resolving those disputes.

[15] *See* discussion at note 5, *supra*.

[16] To the extent that La Tierra argues in response to WFS's motion to dismiss that this court may exercise jurisdiction over the district court's order, *even if that order is determined to be interlocutory*, the contention is wholly without merit. La Tierra offers a string cite of district court cases to support its position; but as we have said, district courts, unlike courts

## 2. *Collateral order doctrine*

La Tierra claims, alternatively, that the district court's order is appealable under the collateral order (or *Cohen*[17]) doctrine. That doctrine applies to only "a small class of collateral rulings that, although they do not end the litigation, are appropriately deemed final."[18] It is thus "best understood not as an exception to the 'final decision' rule . . . but as a 'practical construction' of it"[19]—affording immediate appellate review of those orders that are "too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated."[20] The collateral order doctrine applies only when three conditions are met: The order at issue must (1) conclusively determine the disputed question; (2) resolve an important issue completely separate from the merits of the action; and (3) be effectively unreviewable on appeal from a final judgment.[21] Critically, courts are not to "engage in an individualized jurisdictional inquiry" in considering whether these

---

of appeals, *may* exercise jurisdiction over interlocutory orders. *Compare* 28 U.S.C. § 158(a)(3) *with* 28 U.S.C. § 158(d)(1). La Tierra should have recognized the futility of making this argument, as the first case it cites for support forecloses any possibility of success. *See Oliner v. Kontrabecki,* 158 F. App'x 1, 2 (9th Cir. 2005) ("The district court does have the discretion to grant leave to appeal interlocutory bankruptcy court orders. However, when the district court declines to hear an appeal from an interlocutory bankruptcy court order, we have no jurisdiction to review that exercise of its discretion.") (internal citations omitted).

[17] *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541 (1949).

[18] *Mohawk Indus., Inc. v. Carpenter*, 130 S. Ct. 599, 605 (2009) (internal quotation marks omitted).

[19] *Martin v. Halliburton*, 618 F.3d 476, 482 (5th Cir. 2010) (quoting *Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 867 (1994)) (internal quotation marks omitted).

[20] *Id.* (quoting *Will v. Hallock*, 546 U.S. 345, 349 (2006)) (internal quotation marks omitted).

[21] *Will*, 546 U.S. at 349.

No. 11-51167

three prerequisites are satisfied;[22] rather, it is the class of claims to which the order belongs, and not the individual claim itself, that must satisfy the three requirements.[23]

It is immediately apparent that the third requirement is unsatisfied here. It is a "well-settled rule in this circuit that discovery orders may not be appealed under the *Cohen* exception[,]"[24] and federal district courts have routinely declined to apply the doctrine to allow immediate appeal of a bankruptcy court's discovery orders.[25] La Tierra has failed to place either the discovery orders at issue or the district court's dismissal and denial of leave to appeal them into a category of cases entitled to review under *Cohen*.[26]

La Tierra cites *Wiwa v. Royal Dutch Petroleum Co.*[27] in an attempt to escape our conclusion. In *Wiwa*, a plaintiff in the Southern District of New York sought discovery from a non-party located in Texas.[28] The plaintiff subpoenaed the non-party in the Southern District of Texas, as required by Federal Rule of Civil Procedure 37(a)(1), and when the district court denied the discovery

---

[22] *Mohawk,* 130 S. Ct. at 605 (internal quotation marks omitted).

[23] *Martin*, 618 F.3d at 483 ("[W]e proceed on a categorical basis, looking only at whether 'the class of claims, taken as a whole, can be vindicated by other means' than immediate appeal.") (quoting *Mohawk*, 130 S. Ct. at 605).

[24] *A-Mark Auction Galleries, Inc. v. Am. Numismatic Ass'n*, 233 F.3d 895, 899 (5th Cir. 2000).

[25] *In re Royce Homes LP*, 466 B.R. at 93; *In re Handloser*, 2011 U.S. Dist. LEXIS 151260, *4 (E.D. Ark. Aug. 5, 2011); *In re Gray*, 447 B.R. at 533; *In re Dental Profile, Inc.*, 2010 U.S. Dist. LEXIS 9898, at *10; *Kennedy & Assocs. v. WorldCom, Inc. (In re WorldCom, Inc.)*, 2009 U.S. Dist. LEXIS 65580, *7 (S.D.N.Y. July 23, 2009); *In re Kaiser Grp. Int'l, Inc.*, 400 B.R. at 144.

[26] *Cf. Digital Equip. Corp.*, 511 U.S. at 872 ("[T]he mere identification of some interest that would be 'irretrievably lost' has never sufficed to meet the third *Cohen* requirement.").

[27] 392 F.3d 812.

[28] *Id.* at 814.

request, the plaintiff appealed to this court.[29]  We reasoned that the denial of discovery "conclusively resolve[d] the only issues before the district court . . . independent of the merits of the underlying lawsuit."[30]  Central to our decision was the fact that the plaintiff would have no means of obtaining appellate review of the order denying discovery absent an immediate appeal to us, because the Second Circuit—which would decide any appeal from the final judgment in the underlying lawsuit—would have no authority to upset a discovery order entered by a district court in another circuit.[31]  We thus concluded that the collateral order doctrine supported our exercise of jurisdiction.  *Wiwa* is inapposite to the instant case, however, because these underlying bankruptcy proceedings took place in *this* circuit, and La Tierra was not otherwise precluded from seeking review of the discovery orders in an appeal from any final order of the bankruptcy court.

Because (1) the district court's dismissal and denial of leave to appeal the bankruptcy court's discovery orders was not a final order under 28 U.S.C. § 158(d)(1), and (2) the collateral order doctrine does not apply in this case, we are without jurisdiction to entertain La Tierra's appeal.  Consequently, we must dismiss it.

## B.  Costs and Fees

WFS also seeks attorneys fees and costs, contending that La Tierra's appeal was frivolous in light of this court's obvious lack of jurisdiction.  Although we are confident that we lack appellate jurisdiction in this case, we cannot conclude that La Tierra advanced "an unreasonable legal position . . . without

---

[29] *Id.* at 814–15.

[30] *Id.* at 816 (quoting *Nicholas v. Wyndham Int'l Inc.*, 373 F.3d 537, 542 (4th Cir. 2004).

[31] *Id.* at 816–17.

No. 11-51167

a good faith belief that it [was] justified[,]"[32] and WFS has not directed us to either statutory or jurisprudential support for its request. We therefore deny its motion for attorneys fees. Costs will be imposed in accordance with Federal Rule of Appellate Procedure 39 and the corresponding Fifth Circuit rule.

APPEAL DISMISSED. MOTION FOR ATTORNEYS FEES DENIED.

---

[32] *Coghlan v. Starkey*, 852 F.2d 806, 814 (5th Cir. 1988) (internal quotation marks and citation omitted).