**In re Cornelius M. AHEARN, Jr., Debtor.**

**Murray SARGENT, Jr., Plaintiff-Appellant,**

**v.**

**Cornelius M. AHEARN, Jr., Defendant-Appellee.**

**No. 86 Civ. 9052.**

United States District Court, S.D. New York.

Sept. 17, 1987.

Walter Barthold, New York City, for plaintiff-appellant.

Philip R. Mann, New York City, for defendant-appellee.

GRIESA, District Judge.

This is an appeal from a ruling by Bankruptcy Judge Blackshear dismissing three of four causes of action in plaintiff-appellant's complaint. The appeal arises out of an adversary proceeding under Chapter 7 of the Bankruptcy Code. Plaintiff–appellant is Murray Sargent, Jr. The bankrupt, Cornelius M. Ahearn, Jr., is the defendant in the adversary proceeding and is the appellee in this appeal.

Sargent's appeal is dismissed since there is no final order. Furthermore, the court declines to allow an interlocutory appeal.

### FACTS

Sargent and Ahearn were partners in a law firm called Sargent Ahearn & van Heemstra. Ahearn filed a Chapter 7 petition in the Bankruptcy Court for the Southern District of New York on June 5, 1986. At the same time Ahearn filed an involuntary petition against Sargent Ahearn & van Heemstra.

On September 19, 1986 Sargent filed his complaint, containing four causes of action. The first cause of action alleges that Ahearn made certain representations known to be false which were relied upon by Sargent to induce Sargent to advance funds to Ahearn. The first cause of action alleges that the debt arising from these advances cannot be discharged in bankruptcy. The

second cause of action asserts Ahearn initiated bankruptcy proceedings for the purpose of charging the firm (and thus Sargent) with liability for debts properly chargeable to Ahearn. The third cause of action charges that Ahearn concealed or appropriated funds which should have gone toward payment of the debts of the law firm. In this cause of action, Sargent seeks an accounting of the funds received by Ahearn when he was a partner of the firm. The fourth cause of action alleges that Ahearn appropriated for his own use funds and property belonging to his clients or clients of the firm. Again, Sargent seeks an accounting.

At a hearing on September 25, 1986 Judge Blackshear dismissed the second, third and fourth causes of action after oral argument. At the same time the Judge stated that at least some of the matters relating to the dismissed causes of action would be considered as embraced in the non-dismissed first cause of action.

On October 10 the court entered an Order which encompassed its ruling of September 25.

## DISCUSSION

Sargent has appealed to this court pursuant to 28 U.S.C. § 158. That statute provides:

(a) The district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders, and decrees, and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title. An appeal under this subsection shall be taken to the district court for the judicial district in which the bankruptcy judge is serving.

Rule 54 of the Federal Rules of Civil Procedure, which is adopted in bankruptcy proceedings, *see* Bankruptcy Rule 7054(a), provides that

any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

In the instant case, no final judgment has been entered adjudicating all the claims and rights of all parties. Thus the order of the bankruptcy judge is not appealable.

This court, however, has discretion under Section 158(a) to hear an interlocutory appeal. District courts have looked to the standard provided in 28 U.S.C. § 1292(b), dealing with certification of interlocutory orders to the court of appeals, in *See In re Hardwicke Companies*, 56 B.R. 244, 246 (S.D.N.Y.1985); *In re Johns-Manville Corp.*, 45 B.R. 833, 835 (S.D.N.Y.1984). Section 1292(b) provides that the factors relevant to certifying an interlocutory appeal are that the order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation."

In the present case no controlling question of law is presented for an interlocutory appeal. The case should be concluded in the bankruptcy court before there is any appeal.

The appeal is dismissed.

SO ORDERED.