**In re BIMCO INDUSTRIES, INC., Debtor.**

**PORT JEFFERSON STATION AUTO COLLISION CORP., Appellant,**

v.

**BIMCO INDUSTRIES, INC., Appellee.**

**No. CV 90–2337.**

United States District Court, E.D. New York.

March 14, 1991.

**624**

Nachamie, Hendler & Spizz by Seymour Silberberg, New York City, for debtor.

Hobbs & Hobbs by C. Whitman Hobbs, Setauket, N.Y., for appellant.

Teitelbaum, Braverman & Borges, Great Neck, N.Y., for appellee/trustee.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

Port Jefferson Station Auto Collision Corp. ("PJS"), a New York corporation, seeks leave to appeal from an order of the Honorable Cecelia H. Goetz, United States Bankruptcy Judge, dated May 17, 1990, which enjoined PJS from proceeding with an action for declaratory relief in state court. That state action arose out of a dispute regarding a lease for real property executed between PJS and Bimco Industries, Inc. ("Bimco" or "debtor"), a New York corporation which has filed a petition in bankruptcy for Chapter 11 reorganization. Bimco opposes PJS' motion for leave to appeal on the grounds that an order

enjoining PJS from bringing an action in state court is an interlocutory order, and further argues that in this case the Court should deny leave to appeal such an order. For the reasons stated below, leave to appeal is denied.

## BACKGROUND

During the period May through July of 1989, PJS negotiated with Bimco for a lease of real property owned by Bimco which would be used by PJS as an auto body shop. Under the terms of the lease, Bimco had 30 days in which to obtain approval of the lease by the bankruptcy court. Although Bimco's attorney submitted the lease to the Court on July 27, 1989, thereafter the matter was marked off the calendar, subject to restoration. The matter was eventually restored, and on October 17, 1989, the bankruptcy court approved the lease subject to the execution of a rider containing various modifications. PJS claims that no rider was ever submitted to it for signature, nor was any lease executed by Bimco delivered to PJS.

While the parties waited for the bankruptcy court to approve the lease, the Town of Brookhaven amended its zoning ordinance, and consequently the previously permitted use of a body shop on Bimco's property became unlawful. PJS claims that Bimco's attorney refused to modify the lease so as to take into consideration the change in the law.

## DISCUSSION

A. *Jurisdiction*

■ As a preliminary matter, PJS contends that the bankruptcy court failed to obtain jurisdiction over it, since a proceeding to obtain an injunction is an adversary proceeding and "[n]o complaint was ever filed with the Bankruptcy Court, nor was any summons issued ... or served on the Appellant" pursuant to Bankruptcy Rules 7003 and 7004. *See* Appellant's Response at 3. The Second Circuit has held, however, that a bankruptcy court may have jurisdiction to issue an injunction enjoining a party from suing in state court. *See In*

re Johns–Manville Corp., 801 F.2d 60, 63–64 (2d Cir.1986). More particularly, where the request for the injunction may be characterized as a core proceeding, and therefore by definition concern the administration of the estate, it appears that the bankruptcy court's power to do so is clear. See id. (quoting In re Johns–Manville Corp., 52 B.R. 879, 890 (Bankr.S.D.N.Y.1985)).

In this case, an action in state court contesting the validity of the lease would undoubtedly affect the administration of the estate. Moreover, it has been noted that a motion to enjoin an action in another court is a core proceeding for bankruptcy purposes. See 1 Collier on Bankruptcy para. 3.01[2][b][iii] at 3–39 (15th Ed.1990). Based on these principles, this Court holds that the bankruptcy court possessed sufficient jurisdiction so as to issue the injunction.

B. *Finality of the Judgment*

■ As a general rule, a final judgment is "one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Catlin v. United States, 324 U.S. 229, 65 S.Ct. 631, 89 L.Ed. 911 (1945) (citations omitted). In contrast, an interlocutory order is "one which does not finally determine a cause of action but only decides some intervening matter pertaining to the cause, and which requires further steps to be taken in order to enable the court to adjudicate the cause on the merits." 1 Collier on Bankruptcy, para. 3.03[6][b] at 3–182 (15th Ed.1990).

Considering these general principles, it is obvious that the Bankruptcy Court order did not end the litigation on the merits, since the merits of the case pertain to the validity of the lease. Clearly, the bankruptcy court order merely enjoined PJS from contesting the validity of the lease in state court, and inasmuch as an ultimate determination was never made as to the validity of the lease, the merits were never reached. PJS nevertheless contends that since the only issue before the Court was the injunction barring it from continuing its state court action, "there remained nothing

for the Court to do but execute its judgment." See Appellant's Response at 4.

This same type of argument was rejected in In re Tidewater Group, Inc., 22 B.R. 500 (N.D.Ga.1982), appeal dismissed, 734 F.2d 794 (11th Cir.1984). In that case, the district court determined that a bankruptcy court's order denying confirmation of a settlement agreement was not a final order because, although the order finally determined the settlement issue, "it [did] not end the litigation, it [did] not decide the merits, it [did] not determine the rights of the parties in the disputed contract, it settle[d] no liability, and establishe[d] no damages." Id. at 504 (citations omitted); see also In re Lady Madonna Industries, Inc., 76 B.R. 281, 284–85 (S.D.N.Y.1987).

A number of courts have held, however, that a bankruptcy court order need not fully and finally resolve a case to be deemed a final order. See, e.g., In re Beker Industries Corp., 89 B.R. 336, 340 (S.D. N.Y.1988); In re Chateaugay Corp., 64 B.R. 990, 996 (S.D.N.Y.1986). Nonetheless, applying either a relaxed standard of finality, or applying a more stringent approach, this Court holds that the bankruptcy court order herein is interlocutory and non-final. Accordingly, it is within the discretion of this Court to grant or deny leave to appeal. See 28 U.S.C. § 158(a) (1990).

C. *Appealability*

■ Pursuant 28 U.S.C. § 158(a), appeals from interlocutory orders in bankruptcy cases are available only if leave to appeal is granted by the district court. Generally, courts have denied appeals from interlocutory orders in bankruptcy cases on the ground that appeals of preliminary, non-final orders "would contravene the well-established judicial policy of discouraging interlocutory appeals and avoiding the delay and disruption which results from such piecemeal litigation." In re Casco Bay Lines, Inc., 8 B.R. 784, 786 (Bankr. 1st Cir.1981) (citation omitted); see also In re Manville Forest Products Corp., 47 B.R. 955, 957 (S.D.N.Y.1985).

In determining whether leave to appeal should be granted from interlocutory deci-

sions of bankruptcy courts, district courts have consistently applied the standards provided by 28 U.S.C. § 1292(b), which governs interlocutory appeals of district court orders to the circuit courts. *In re Manville,* 47 B.R. at 957; *In re Ahearn,* 78 B.R. 24, 25 (S.D.N.Y.1987) (citations omitted). Pursuant to § 1292(b), an appeal of an interlocutory order may be taken when: (1) a controlling question of law is involved; (2) the question is one about which there is substantial ground for a difference of opinion; and (3) an immediate appeal would materially advance the ultimate termination of the litigation. *See* 28 U.S.C. § 1292(b).

Based on the facts presented herein, this Court fails to see how this case involves a controlling question of law as to which there is substantial ground for difference of opinion. "The power of the bankruptcy court to enjoin litigation which seeks to obtain a judgment against the estate or to interfere with property of the debtor has long been recognized." *See* 2 *Collier on Bankruptcy,* para. 362.02[1] at 362–28 (15th Ed.1990) and cases cited therein. Thus, an order enjoining a party from suing in state court is well within the discretion of the bankruptcy court judge, and not an issue as to which there will be a substantial difference of opinion. Furthermore, this Court also fails to see how an immediate appeal would materially advance the ultimate termination of the litigation. In fact, an appeal here could only serve to delay the final adjudication on the merits. *Cf. Carlenstolpe v. Merck & Co., Inc.,* 819 F.2d 33, 37 (2d Cir.1987).

It is to be noted that the Second Circuit has held that appeals from interlocutory orders may be available under the "collateral order" doctrine. *See, e.g., In re Chateaugay Corp.,* 826 F.2d 1177, 1180 (2d Cir.1987). This doctrine, earlier defined in *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), applies to a small class of decisions which: "(1) conclusively determine a separate and collateral claim, (2) are 'too important to be denied review,' and (3) cannot await final judgment because no effective review can be held." *Chateau-*

*gay,* 826 F.2d at 1180 (citation omitted). In *Chateaugay,* the Second Circuit held that an interlocutory appeal did not qualify for treatment under the collateral order doctrine because, *inter alia,* the order did not conclusively determine any substantive issue, but rather merely decided where the issue would "initially be decided." *Chateaugay,* 826 F.2d at 1180.

The order of the bankruptcy court in this case is somewhat analogous to the order in *Chateaugay* in that it similarly determines where a specific issue will initially be decided. Therefore, based on the Second Circuit's reasoning, this Court finds that the bankruptcy court order herein does not fall within the collateral order doctrine. Accordingly, leave to appeal the order of the bankruptcy court is denied.

## CONCLUSION

For the reasons stated above, this Court finds that the Order of the Bankruptcy Court in the above-referenced appeal is interlocutory in nature. Furthermore, based on the above discussion, leave to appeal is denied. *See* 28 U.S.C. § 158(a). The Clerk of the Court is directed to close the file in this case.

SO ORDERED.