207 B.R. 379 (1997)
In re Thomas Peter PAPPAS, Debtor.
Bankruptcy No. 97-5009.
United States Bankruptcy Appellate Panel of the Second Circuit.
April 16, 1997.
*380 Boatman, Boscarino & Grasso, by Thomas C. Boscarino, Glastonbury, CT, for Debtor-Appellant.
Levy & Droney, P.C., International Minerals and Resources, S.A., and International Shipping Company, S.A., by Ross G. Fingold, Farmington, CT, for Appellees.
Before CONRAD, HARDIN and KAPLAN, Bankruptcy Judges.

MEMORANDUM AND ORDER GRANTING MOTION FOR LEAVE TO APPEAL
This is a motion by the debtor pursuant to 28 U.S.C. § 158(a) and Bankruptcy Rule 8001(b) for leave to appeal from that portion of an order dated March 7, 1997 (the "March 7 Order") which extended the deadline for creditors International Minerals and Resources, S.A. and International Shipping Company, S.A. (collectively, "International") to file a complaint to determine the dischargeability under 11 U.S.C. § 523(a) of certain debts from January 21 until July 16, 1997. International has filed an Answer in Opposition to Debtor's Motion for Leave to Appeal. The recitation of facts herein is based solely on the debtor's Motion and International's Answer in Opposition, neither party having annexed any of the underlying motion papers to their papers on this motion.
The debtor filed a voluntary petition under Chapter 7 on September 8, 1996. Creditors were duly notified that the deadline to file a complaint objecting to discharge of the debtor or to determine dischargeability of particular debts was January 21, 1997. By motion filed January 15, 1997, the Federal Deposit Insurance Corporation ("FDIC") sought an extension of time on its own behalf and on behalf of "all creditors" to (1) file a complaint objecting to the discharge of the debtor, (2) file a complaint to determine the dischargeability of certain debts and (3) file an objection to the debtor's claim of exemptions, from January 21 to July 16, 1997. Two creditors, The Bank of New York and Bankers Trust Company, filed "responses" to the FDIC's motion in which they supported and joined in the FDIC's motion for an order extending the deadlines for "all creditors". It does not appear that International filed any paper relating to the FDIC's motion, nor does it appear what, if any, general or particularized showing of "cause" was made in support of the FDIC's motion, as required under Bankruptcy Rule 4004(b), either in support of *381 creditors generally or International in particular.
The FDIC's motion was granted at a hearing on February 13 and memorialized in the March 7 Order. The March 7 Order states, in pertinent part:
2. THAT the deadline to file a complaint to determine the dischargeability of certain types of debts is extended until July 16, 1997 for the following creditors only: Bank of New York, Bankers Trust Company, the Federal Deposit Insurance Corporation, International Minerals & Resources, and International Shipping Company, S.A.
Asserting that the proper purpose of extending the deadline to file a complaint seeking non-dischargeability is to afford a creditor time to discover facts to determine whether such a complaint would be valid, the debtor argues that no such purpose is served with respect to International. Indeed, the debtor asserts that International's claims against the debtor, which have been in litigation in an action in the United States District Court for the Southern District of New York for over ten years, were tried to a jury that rendered a verdict for the debtor. International appealed to the Second Circuit, which reversed and remanded for a new trial, and on January 10, 1997 International filed a motion for relief from the automatic stay so as to proceed with a retrial against the debtor. In that motion, International's attorney represented unequivocally that International's claims against the debtor are non-dischargeable under 11 U.S.C. § 523(a)(6). Thus, the debtor asserts that International had no need for an extension of the deadline to commence an adversary proceeding under section 523(a) and, in any event, that International did not file a motion on its own behalf under Rule 4004(b). The debtor seeks to raise on appeal the question whether the Bankruptcy Court exceeded its permitted discretion in extending the time of International to file a complaint to determine dischargeability solely upon the FDIC's motion on behalf of "all creditors" and in the absence of a motion or showing of particularized "cause" by International.
International asserts in its Answer in Opposition that the debtor has not shown grounds for appeal from an interlocutory order.

Discussion
Leave to appeal an interlocutory order of a bankruptcy court will be granted only where the standards prescribed in 28 U.S.C. § 1292(b) are satisfied. Gache v. Balaber-Strauss (In re Gache), 198 B.R. 662, 664 (S.D.N.Y.1996); see also In re Bimco Industries, 124 B.R. 623, 626 (E.D.N.Y.1991); In re Ahearn, 78 B.R. 24, 25 (S.D.N.Y.1987); In re Manville Forest Products Corp., 47 B.R. 955, 957 (S.D.N.Y.1985); Northeast Sav., F.A. v. Geremia, 191 B.R. 275, 278 (D.R.I.1996); Brooks Fashion Stores, Inc. v. Wainscott Sportswear, Inc., 1996 WL 221591, at *2 (S.D.N.Y.1996); In re Fischer, 1993 WL 126525 at *3 (S.D.N.Y.1993); In re DenCol Cartage & Distribution, Inc., 20 B.R. 645, 647 (D.Co.1982). The statutory test is whether the order to be appealed "involves a controlling question of law as to which there is substantial ground for difference of opinion and . . . an immediate appeal from the order may materially advance the ultimate termination of the litigation". The statutory test is satisfied in this case.
The controlling question of law is whether a bankruptcy court has discretion to extend the time of a creditor to commence an adversary proceeding under section 523(a) based solely on a general motion by a different creditor with no particularized showing of "cause" under Bankruptcy Rule 4004(b) as to the creditor who did not file or join in the motion. Although not cited by the parties, the case law shows there to be a substantial ground for difference of opinion with respect to the controlling question. Contrast the March 7 Order in the instant case, In re Myers, 168 B.R. 856, 863 (Bankr.D.Md.1994) ("we hold that both the Trustee and Committee have standing to move to extend time for creditors to file dischargeability complaints") and In re Brady, 101 F.3d 1165, 1170 (6th Cir.1996) ("a Chapter 7 bankruptcy trustee has standing under Rule 4007(c) to move for an extension of time on behalf of creditors to file nondischargeability complaints") with In *382 re Overmyer, 26 B.R. 755 (Bankr.S.D.N.Y. 1982) ("the trustee in bankruptcy is not a `party in interest' for the purpose of applying for the extension of time on behalf of creditors of the estate to file complaints to determine the dischargeability of their debts"), Federal Deposit Insurance Corporation v. Kirsch (In re Kirsch), 65 B.R. 297, 300 (Bankr.N.D.Ill.1986) (bankruptcy court followed line of cases holding that "where a trustee files a timely motion to extend the Rule 4007(c) deadline before it expires on behalf of all creditors and in fact obtains an order extending the time, such an order is ineffective for lack of standing on the part of the trustees") and Matter of Farmer, 786 F.2d 618, 620-21 (4th Cir.1986) (chapter 7 trustee not allowed to extend time within which creditors may file a complaint objecting to dischargeability of specific debts).
It is also clear that an immediate appeal from the March 7 Order may materially advance the termination of litigation proceedings in this bankruptcy case. Indeed, as a practical matter it is essential for the parties to know now whether International is barred from filing a claim of non-dischargeability under section 523(a) for its failure to move for an extension of time to do so before the January 21 deadline. Absent a ruling on the issue now, the parties and the Court may proceed with a potentially protracted and costly adversary proceeding only to learn on appeal from a final order that the entire proceeding was for naught because International was barred at the outset. See, Federal Deposit Insurance Corporation v. Kirsch (In re Kirsch), supra.

ORDER
Upon the debtor's Motion for Leave to Appeal and the Answer in Opposition to Debtor's Motion for Leave to Appeal filed by creditors International Minerals and Resources, S.A. and International Shipping Company, S.A., it is hereby
ORDERED, that the debtor's motion for leave to appeal is granted.