**In re TURNER SPARES, LTD., INC., Debtor.**

No. 97–M–47 (JSR).

United States District Court, S.D. New York.

July 10, 1997.

Todd J. Weiss, New York City, for plaintiff.

Richard Mackiewicz, Jr., Mahwah, NJ, for defendant.

## MEMORANDUM ORDER

RAKOFF, District Judge.

By Order to Show Cause, Turner Spares, Ltd., Inc. ("Debtor") brought this motion to stay enforcement of the June 3, 1997 Order of the Bankruptcy Court (Hon. Cornelius Blackshear, U.S.B.J.), pending appeal of that Order to the District Court. The June 3rd Order grants relief from the automatic stay provisions of the bankruptcy proceeding to secured creditor, Hudson United Bank ("Hudson"), permitting Hudson to proceed with a sale of certain assets of the Debtor. Upon review of the parties' arguments raised at the July 7, 1997 hearing and their respective written submissions, the Court hereby denies Debtor's motion for a stay, both because the Court lacks jurisdiction and because, even assuming there is jurisdiction, Debtor has neither established a likelihood of success nor raised sufficiently serious questions as to the merits of its appeal to warrant such extraordinary relief. *See Warner–Lambert Co. v. Northside Dev. Corp.,* 86 F.3d 3, 6 (2d Cir.1996).

■ The appeal in question, on which the instant motion is premised, is deficient on its face, because Debtor did not file a Notice of Appeal until June 16, 1997, more than ten days after the entry of the challenged Order. Bankr.Rule 8002(a). While counsel for Debtor now concedes the appeal is untimely, *see* 7/7/97 Transcript, he argues, to begin with, that the time for appeal should have been extended pursuant to Bankruptcy Rule 8002(c), which provides that the time to appeal from an Order of the Bankruptcy Court may be extended up to 20 additional days upon application to the Bankruptcy Court

and "a showing of excusable neglect." While counsel for Debtor further concedes he never expressly made a request to the Bankruptcy Court to extend his time to file a Notice of Appeal, *see* 7/7/97 Transcript, he argues that such an application was impliedly before the Bankruptcy Court when that Court denied a motion (similar to the one here) that Debtor brought before that Court on June 17, 1997 seeking a stay of its June 3rd Order pending appeal, pursuant to Bankruptcy Rule 8005.

This argument is unpersuasive, for counsel surely could not have been requesting additional time to appeal the June 3rd Order while, at the same time, seeking a stay of what his June 17th stay motion represented was an already pending appeal. Under such circumstances, the Bankruptcy Court could not reasonably have believed that it was being asked to consider not only the express stay motion but also an unstated implicit motion to extend the time to file the appeal. Instead, quite obviously, the Bankruptcy Court was misled by Debtor's own moving papers into assuming a timely appeal had already been filed.[1] In any event, even assuming the Bankruptcy Court had discerned the 8002(c) motion that Debtor now asserts was implicitly before it, Debtor has made no showing he presented the Bankruptcy Court with any evidence that Debtor's filing the Notice of Appeal after the deadline was "excusable neglect"; and thus, the Bankruptcy Court would have had to deny the motion in any case.

■ Debtor next urges that this Court has its own authority to permit an enlargement of Debtor's time to appeal, *non pro tunc,* pursuant to Fed.R.Civ.P. 6(b). Weiss Aff. ¶ 4. That provision of the Federal Rules, however, is inapplicable here. Debtor's failure to file a Notice of Appeal under Rule 8002(a), or to otherwise obtain an extension of time from the Bankruptcy Court pursuant to Rule 8002(c), deprived this Court of jurisdiction. *In re New York Int'l Hostel, Inc.,* 194 B.R. 313, 316 (S.D.N.Y.1996) ("[A] failure to timely file the notice of appeal deprives

---

1. Accordingly, the Court also rejects Debtor's alternative argument, for which it submits no authority, that the Bankruptcy Court's denial of Debtor's June 17th motion for a stay was an exercise of jurisdiction that somehow ratified the validity of Debtor's appeal before the District Court.

the District Court of jurisdiction to review the Bankruptcy Court's order."). *See also In re Emergency Beacon Corp.*, 666 F.2d 754, 758 (2d Cir.1981). Without jurisdiction, this Court, sitting as an appellate court over the Bankruptcy Court, lacks the power to grant any enlargement of the time to file a Notice of Appeal. *Cf.* Fed. R.App. P. 26(b); *United States v. Detrich*, 940 F.2d 37, 38 (2d Cir. 1991), *cert. denied*, 502 U.S. 1121, 112 S.Ct. 1242, 117 L.Ed.2d 475 (1992) ("Under Fed. R.App.P. 26, a court of appeals 'may not enlarge the time for filing a notice of appeal.'"). Lacking such jurisdiction over the appeal, this Court therefore also lacks jurisdiction to grant the stay.

Even assuming *arguendo* that this Court had jurisdiction, it would find no meritorious issues warranting a stay. Debtor challenges the Bankruptcy Court's June 3rd Order in two respects, both of which are equally unavailing. First, Debtor argues that it was not properly served with Hudson's papers relating to Hudson's motion granted in the June 3rd Order. Second, Debtor argues that the Bankruptcy Court erred in its valuation of the assets that are to be sold as a result of the automatic stay being lifted and that the result will be to permit Hudson to liquidate collateral valued in excess of its creditor's lien.

With respect to allegedly improper service, counsel for Debtor admits that he had notice of Hudson's motion, submitted papers to the Bankruptcy Court in opposition to the motion, and argued against the motion during the May 21, 1997 proceeding before Judge Cornelius. *See* 7/7/97 Transcript. In these circumstances, the claim of defective service was so frivolous that, on Debtor's own admission, the Bankruptcy Court paid it no heed, even though Debtor specifically raised it at the May 21st hearing. Likewise, this Court is in complete agreement that, under the circumstances here presented, the "notice and a hearing" afforded to Debtor were entirely "appropriate in the particular circumstances." 11 U.S.C. § 102(1)(A).

With respect to valuation, the Bankruptcy Court has broad discretion to determine the proper valuation of assets, and those findings should not be set aside unless clearly erroneous. *See In re Roblin Indus., Inc.*, 78 F.3d 30, 35 (2d Cir.1996); *In re Kerwin*, 996 F.2d 552, 560 (2d Cir.1993). Here, the Bankruptcy Court considered the various estimates offered by the parties and decided that the sale of the inventory would be appropriate in light of Hudson's lien. Nor was an evidentiary hearing required where, as here, the Bankruptcy Court found Debtor's estimates to be inadequate on their face. Nothing in the record here presented suggests clear error in any of those determinations, nor has the Court's own review of the underlying papers and exhibits revealed any.

For the foregoing reasons, Debtor's Motion to Stay the June 3rd Order of the Bankruptcy Court is hereby denied.

SO ORDERED.