232 B.R. 549 (1999)
In re C.R. DAVIDSON COMPANY, INC., CRD Sales & Leasing, Inc., Debtors.
The Merchants Bank, George Cooke and Atlantic Bank and Trust Company, Creditor-Appellants,
v.
C.R. Davidson Company, Inc. and CRD Sales and Leasing, Inc., Debtor-Appellees,
Estate of Muriel M. Davidson, Paul P. Tierney, Carol S. Tierney, Michael J. Bouchard, Martha Bouchard, Roselli Brothers, Inc., Creditor-Appellees,
Raymond J. Obuchowski, Esq., Chapter 7 trustee, Trustee-Appellee,
Office of the United States Trustee, Appellee.
BAP Nos. 99-50010(L), 99-50011(CON), 99-50018(CON) to 99-50021(CON).
United States Bankruptcy Appellate Panel of the Second Circuit.
April 22, 1999.
*550 *551 J. Behm and C. Reiss, of Sheehey, Brue, Gray, & Furlong, Burlington, VT, for The Merchants Bank and George Cooke ("Merchants").
L. Chalidze, and J.P. Faignant, of Miller, Faignant & Whelton, PC, Rutland, VT and J. Emens-Butler, and R. Obuchowski, of Obuchowski Law Office, Bethel, VT, for CRD Sales and Leasing, Inc. and CR Davidson Company, Inc. ("Debtors").
R. Curtiss, and L. Saffo, of Van Dorn, Cullenberg, Tenses & Curtiss, Orford, NH, for Atlantic Bank & Trust Company ("Atlantic").
A.L. Gallitano, of Otterman & Allen, PC, Barre, VT, for estate of Muriel Davidson.
Before LIFLAND, C.J., KRECHEVSKY, and BROZMAN, U.S. Bankruptcy Judges.

OPINION
LIFLAND, Chief Judge.
This Opinion addresses certain jurisdictional and procedural issues which have arisen in these six consolidated appeals, the common subject of which is a decision by the Vermont bankruptcy court denying motions for abstention under 28 U.S.C. § 1334(c) and dismissal for bad faith. Four adversary proceedings and two bankruptcy cases are involved: adversary proceedings 98-1103 and 98-1106 in In re C.R. Davidson Company, Inc., Case No. 98-11733, and adversary proceedings 98-1104 and 98-1107 in In re CRD Sales and Leasing, Inc.[1], Case No. 98-11734.
1. Timeliness of Appeals
In the first place, the timeliness of the notices of appeal filed by Atlantic Bank and Trust Company ("Atlantic") must be examined.[2] A notice of appeal that is untimely fails to give us appellate jurisdiction. See, e.g., In re Turner Spares, Ltd., 210 B.R. 235, 236-37 (S.D.N.Y.1997). When such jurisdiction is lacking, and although no party has raised the issue, we have the duty to dismiss sua sponte. See, generally, Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152, 29 S.Ct. 42, 53 L.Ed. 126 (1908).
Each of the six notices of appeal filed in this consolidated appeal states that what is appealed is "the Order entered ... on February 22, 1999." It appears from the respective dockets that no order was in fact entered on that date, but rather a memorandum decision (the "Memorandum") which concluded:
We deny Defendants' Motion for Mandatory Abstention and Remand and refuse *552 the request to dismiss the case for bad faith. Debtor's counsel to submit an Order within five (5) days...
Thereafter, on February 26, 1999, The Merchants Bank and George Cooke (together, "Merchants") filed notices of appeal in Adv. Pros. 98-1106 and 98-1107, respectively, subsequently assigned BAP numbers 99-50010 and 99-50011. On March 8, 1999, Atlantic filed notices of appeal in Adv. Pros. 98-1103 and 98-1104, respectively, subsequently assigned BAP numbers 99-50018 and 99-50019 and on March 17, 1999, Atlantic filed notices of appeal in Adv. Pros. 98-1106 and 98-1107, respectively, subsequently assigned BAP numbers 99-50020 and 99-50021. On the same date, March 17, 1999, orders (the "Denial Orders") were entered on the respective dockets which provided:
For the reasons set forth in the Court's Memorandum of Opinion of Feb. 22, 1999 ..., the Motions To Abstain and For Remand, and for dismissal of the bankruptcy main case, filed by the Merchants Bank and joined in by Atlantic Bank and Trust Co., are hereby DENIED.
SO ORDERED.
Fed.R.Bankr.P. 8002(a) ("Rule 8002") provides, in relevant part, as follows:
The notice of appeal shall be filed with the clerk within 10 days of the date of entry of the judgment, order, or decree appealed from. If a timely notice of appeal is filed by a party, any other party may file a notice of appeal within 10 days of the date on which the first notice of appeal was filed, or within the time otherwise prescribed by this rule, whichever period last expires. A notice of appeal filed after the announcement of a decision or order but before entry of the judgment, order, or decree shall be treated as filed after such entry and on the day thereof.
If, on the one hand, the time under this rule for appealing commenced on February 22, 1999, the date of the docketing of the Memorandum, Atlantic's time to appeal in Adv. Pros. 98-1103 and 98-1104 would have expired on March 4, 1999 and, because of the extension automatically afforded pursuant to Rule 8002(a) by the filing of Merchant's notices of appeal in Adv. Pros. 98-1106 and 98-1107, Atlantic's time to appeal in those adversary proceedings would have expired on March 8, 1999. If, on the other hand, the time for appealing in this case should properly be viewed as commencing upon the docketing of the Denial Orders on March 17, 1999, rather than the docketing of the Memorandum on February 22, 1999, all six notices of appeal would, pursuant to the third sentence of Rule 8002(a), be treated as filed on March 17, 1999 and would be timely.
The Memorandum itself contained no judgment, order or decree. On the contrary, it specifically called for a separate order to be submitted by counsel. Accordingly, the time for appealing did not commence until entry of that separate order on March 17, 1999. Although technically defective insofar as they reference the Memorandum and not the Denial Orders, such defects are neither misleading nor prejudicial and we, accordingly, waive them. See State Farm Mutual Auto. Ins. Co. v. Palmer, 350 U.S. 944, 76 S.Ct. 321, 100 L.Ed. 823 (1956). Each notice of appeal shall be deemed amended to reference the relevant Denial Order in substitution for the Memorandum and shall be deemed filed on March 17, 1999.
2. Motions for Leave to Appeal Misdirected to, and Considered by, the Bankruptcy Court
The second jurisdictional issue that presents itself in these appeals relates to the interlocutory nature of the Denial Orders. This Panel has appellate jurisdiction over bankruptcy court decisions if the court order or judgment is final or, if the Panel grants leave to appeal, from an interlocutory order or decree. See 28 U.S.C. § 158(a) and (b)(1) (1994); H & C Dev. Group, Inc. v. First Vermont Bank and *553 Trust Co. (In re Miner), 222 B.R. 199, 202 (2d Cir. BAP 1998). An order refusing a motion to dismiss is interlocutory. See Dunkley v. Rega Properties, Ltd. (In re Rega Properties), 894 F.2d 1136, 1138 (9th Cir.1990) (bankruptcy court order denying motion to dismiss for bad faith held interlocutory), cert. denied, 498 U.S. 898, 111 S.Ct. 251, 112 L.Ed.2d 209 (1990); cf In re Rosemary Brown, 916 F.2d 120, 122-24 (3d Cir.1990). Likewise, an order denying abstention is not final. See Schuster v. Mims (In the Matter of Rupp & Bowman Co.), 109 F.3d 237, 239-40 (5th Cir.1997).
Appeal of an interlocutory order may be taken only with the leave of the panel. See 28 U.S.C. § 158(a)(3). Such leave will be granted only where the standards prescribed in 28 U.S.C. § 1292(b) are satisfied  i.e. when the order to be appealed "involves a controlling question of law as to which there is substantial ground for difference of opinion and ... an immediate appeal from the order may materially advance the ultimate termination of the litigation". See In re Pappas, 207 B.R. 379, 381 (2d Cir. BAP 1997).
An appeal from an interlocutory judgment, order or decree is taken by filing a notice of appeal accompanied by a motion for leave to appeal prepared in accordance with Fed.R.Bankr.P. 8003 ("Rule 8003") and with proof of service in accordance with Fed.R.Bankr.P. 8008. See Fed. R.Bankr.P. 8001(b). The motion must contain (1) a statement of the facts necessary to an understanding of the questions to be presented by the appeal; (2) a statement of those questions and the relief sought; (3) a statement of the reasons why an appeal should be granted; and (4) a copy of the judgment, order or decree complained of and any opinion or memorandum relating thereto. See Fed.R.Bankr.P. 8003(a). Opposing parties have 10 days after service to file answers in opposition with the bankruptcy clerk. See id. The bankruptcy clerk must transmit the notice of appeal, motion for leave to appeal and any answers thereto to the clerk of the bankruptcy appellate panel as soon as the parties have filed answers or the time for filing an answer has expired. See Fed. R.Bankr.P. 8003(b). The motion and answer shall be submitted without oral argument unless otherwise ordered. See id.
The prescribed practice, however, was not followed in this case either by the parties or the bankruptcy court. Both Merchants and Atlantic filed a motion for leave to appeal in respect of each of their appeals but such motions, which were in almost identical terms,[3] contained neither statements of the facts necessary to an understanding of the questions to be presented by the appeals nor statements of the reasons why an appeal should be granted. Further, neither the motions filed by Merchants and Atlantic, nor the *554 objections filed by the Debtors[4] were transmitted by the clerk to the Bankruptcy Appellate Panel. Instead, the bankruptcy court itself, apparently overlooking these deficiencies, improperly acted upon the motions and issued orders granting leave to appeal with express findings that:
1. The [original motions for abstention and remand] involve controlling issues of law which require prompt adjudication to minimize the likelihood of further delay of the trial of these proceedings; and
2. An expedited appeal is appropriate as the Debtors' bankruptcy petitions were filed at the eve of trial of parallel state court cases and as this Court has stayed all proceedings in the main cases and in these adversary proceedings, pending the outcome of this appeal.
The function of the motion for leave to appeal is to explain to the reviewing court why it is that, notwithstanding the historic federal policy (and current bankruptcy policy) against piecemeal appeals, the order in question should be reviewed immediately. See 10 Collier on Bankruptcy ¶ 8003.02 (15th Ed. Revised 1996). In particular, appellants have the burden of showing that the order meets the requirements of 28 U.S.C. § 1292(b). See In re Pappas, 207 B.R. at 381; Robinson v. Silverman (In re Johns-Manville Corp.), 47 B.R. 957, 960 (S.D.N.Y.1985).
On the scant record before us we could not affirmatively find that the Appellants have met their burden. We would not ordinarily tolerate the manifest infirmities presented here. We are nevertheless prepared in this case, based upon the findings the bankruptcy court has made with the benefit of the knowledge of facts and matters not shared with us, and mindful that the Debtors do not oppose the grant of leave, to give the Appellants the benefit of the doubt and grant leave to appeal. We stress, however, that the mandates of Rule 8003 must not henceforth be ignored.
A briefing schedule has already been set by the Clerk's Office, at the request of the parties, as follows: Appellants' principal briefs and appendices are due on May 10, 1999; Appellees' principal briefs are due on May 25, 1999; and Appellants may file reply briefs by June 4, 1999. Oral argument will thereafter be scheduled for June 25, 1999.
IT IS SO ORDERED.
NOTES
[1] C.R. Davidson Company, Inc. and CRD Sales and Leasing, Inc. are herein referred to together as the "Debtors."
[2] These are the notices of appeal in BAP Nos. 99-50018, 99-50019, 99-50020 and 99-50021.
[3] The motions for leave to appeal stated as follows:

[Appellant] requests leave to take an expedited appeal to the Bankruptcy Appellate Panel for the following reasons:
1. The Motions involve controlling issues of law which require prompt adjudication to minimize the likelihood of further delay of the trial of these proceedings;
2. The issues on appeal include whether mandatory federal court abstention is required; whether in the alternative, discretionary federal court abstention should be granted; whether the Bankruptcy Court properly concluded that the Debtors could assert an equitable subordination claim against Atlantic Bank; whether the Bankruptcy Court properly concluded that the equitable subordination claim predominates these proceedings, whether the Motion to Remand should have been granted; whether the Debtors' bankruptcy petitions should be dismissed as bad faith filings; whether the state court action should be stayed as to the non debtor parties; and whether the Bankruptcy Court's designation of core and non-core claims is erroneous as a matter of law;
3. An expedited appeal is appropriate as the Debtor's bankruptcy petitions were filed at the eve of trial of parallel state court cases as the Bankruptcy Court has stayed all proceedings in the main cases and in these adversary proceedings, pending the outcome of this appeal...
[4] The objection in each case simply took issue with the representation that the Debtors' bankruptcy petitions were filed at the eve of trial of parallel state court cases.