In re Harold E. STARCHER, Jr., Debtor.

Harold E. Starcher, Jr., Appellant,

v.

Internal Revenue Service, Appellee.

No. Civ.A. 6:00–0611.

United States District Court, S.D. West Virginia, Parkersburg Division.

Aug. 30, 2000.

Joseph W. Caldwell, Caldwell, Cannon–Ryan & Riffee, Charleston, WV, for Harold E. Starcher, Jr., debtor.

Gerald A. Role, U.S. Department of Justice, Washington, DC, Gary L. Call, Assistant United States Attorney, United States Attorney's Office, Charleston, WV, for Internal Revenue Service, appellee.

## ORDER

CHAMBERS, District Judge.

Currently pending before the Court is the Appellee's motion to dismiss. For the

reasons that follow, the Appellee's motion is **GRANTED.**

On May 25, 2000, the Bankruptcy Court entered an Order Overruling the Debtor's Objection to the Claim of the Internal Revenue Service. It is from this Order which the Appellant appeals. Appellant filed his Notice of Appeal on June 9, 2000. Appellee moves to dismiss the appeal because the Notice of Appeal was filed beyond the ten day period provided by the Federal Rules of Bankruptcy Procedure.

 Rule 8002(a) of the Federal Rules of Bankruptcy Procedure provides that a notice of appeal must be filed within 10 days of "the entry of the ... order ... appealed from." This rule is jurisdictional and must be strictly construed. *See Smith v. Dairymen, Inc.,* 790 F.2d 1107 (4th Cir. 1986); *Ballard v. Tamojira, Inc.,* 1997 WL 33062 (4th Cir.1997) (unpublished disposition); *see also Lowe's of Virginia Inc. v. Thomas,* 60 B.R. 418 (W.D.Va.1986) *citing In re LBL Sports Center, Inc.,* 684 F.2d 410 (6th Cir.1982) (noting that timely filed notice of appeal is a prerequisite to the district court's appellate jurisdiction). Rule 8002(c) allows an extension of time for filing notice of appeal. This section provides, in part:

> The bankruptcy judge may extend the time for filing the notice of appeal by any party.... A request to extend the time for filing a notice of appeal must be made by written motion filed before the time for filing a notice of appeal has expired, except that such a motion filed not later than 20 days after the expiration of the time for filing a notice of appeal may be granted upon a showing of excusable neglect. An extension of time for filing a notice of appeal may not exceed 20 days from the expiration of the time for filing a notice of appeal otherwise prescribed by this rule or 10 days from the date of entry of the order granting the motion, whichever is later.

*Fed.R.Bankr.P.* 8002(c)(1) and (2). As the rule plainly states, the bankruptcy judge may extend the time period; therefore such extension must be sought from the bankruptcy court and not the district court. *See In re Turner Spares Ltd., Inc.,* 210 B.R. 235 (S.D.N.Y.1997) (holding that the district court is without power to enlarge the time in which to file the notice of appeal). Appellant has made no such motion before the Bankruptcy Judge. Since the order appealed from was entered on May 25, 2000, the Notice of Appeal was due on June 5, 2000.[1] Notice of Appeal in this case was filed on June 9, 2000.[2] It was four days late, no extension was sought from the Bankruptcy Court and this Court, therefore, is without jurisdiction to hear the appeal. This harsh result is unfortunate, but the Court has no alternative when a deadline is jurisdictional.

As a result, the Appellee's motion to dismiss is **GRANTED.** The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

---

1. Under Rule 9006(a) of the Federal Rules of Bankruptcy Procedure, if the time period is greater than 8 days, intermediate Saturdays, Sundays and legal holidays are included in the computation of the time period. Since the tenth day fell on Sunday June 4, 2000, under the rules, the Notice of Appeal was due on the following day, Monday June 5, 2000.

2. The Appellant argues the reason that the notice of appeal was filed late was that he did not receive a copy of the Bankruptcy Court's order until May 31, 2000. While this may have been a factor the Bankruptcy Court could have considered in determining whether there was excusable neglect allowing for an extension of time under Rule 8002(c), it is not relevant to this Court's determination.