In re BEL AIR ASSOCIATES, LTD., Debtor.

Andrew H. THOMPKINS, Appellant,

v.

Leo R. FREY, Appellee.

Bankruptcy No. BK–80–00151.

United States District Court, W.D. Oklahoma.

March 17, 1981.

G. Blaine Schwabe, Oklahoma City, Okl., for debtor and appellee.

John R. Couch and D. Lynn Babb, Oklahoma City, Okl., for appellant.

## ORDER

DAUGHERTY, District Judge.

This is an appeal by Andrew H. Tompkins, one of the limited partners of the Debtor herein, Bel Air Associates, Ltd., from an order of the Bankruptcy Court confirming the sale of the assets of the Debtor. The Appellee, Leo R. Frey, is the sole general partner of the Debtor. The Court has subject matter jurisdiction of this action under 11 U.S.C. § 67(c).

From the record before the Court in this matter, it appears that on March 24, 1980, the Bankruptcy Court entered its Order Confirming Plan for the sale of the assets of the Debtor, to-wit, the Bel Air Apartments. Bids were taken and a major creditor of the Debtor was the highest bidder. Appellant initiated an appeal from said confirmation and asked that the Bankruptcy Court stay all proceedings. Thereafter, the Bankruptcy Court stayed proceedings conditioned on the posting of a $500,000.00 supersedeas bond by Appellant.

On April 3, 1980, Appellant filed with this Court an Application for Stay of Proceedings Pending Appeal with Brief in support thereof. The Court set this Application for hearing on April 7, 1980. At said hearing the Court was unable to determine with certainty whether the Bankruptcy Court had granted a stay of proceedings. Therefore, an Order of Remand was entered on April 7, 1980, remanding this matter to the Bankruptcy Court with directions to clarify the record concerning a stay of proceedings. The Bankruptcy Court entered its Findings and Clarification of Order on April 10, 1980, from which it appears that the Bankruptcy Court had granted a stay of proceedings conditioned on the filing of a $500,000.00 supersedeas bond. On April 11, 1980, the Bankruptcy Court supplemented said Clarification by allowing Appellant until April 17, 1980, to post the bond in cash or with surety. On April 16, 1980, the Bankruptcy Court extended the date for posting the bond to April 21, 1980. Appellant then filed herein an Amended Application to Reduce Amount of Supersedeas Bond. On April 18, 1980, this Court, after an evidentiary hearing, entered an order reducing the amount of the bond to $200,000.00, cash or surety, and directing that the same be posted no later than April 23, 1980, as a condition for a stay of all proceedings in the Bankruptcy Court pending an appeal to this Court. Appellant did not post this bond and the sale of the apartments was approved and confirmed by the Bankruptcy Court on April 25, 1980.

Presently at issue before the Court is the Motion to Dismiss Appeal filed by the Appellee on behalf of the Debtor (both of whom are referred to hereafter as "Movants") wherein they seek dismissal of all pending appeals [1] on the grounds that the same are moot. A hearing on the instant Motion was set by this Court for January 27, 1981, reset to January 30, 1981 at the request of Appellant, on which date the "good faith purchaser" issue was remanded by agreement of the parties to the Bankruptcy Court for supplemental findings as to whether Leroy Properties and Development Corporation, the purchaser and major creditor of the Bel Air Apartments, was a good faith purchaser within the meaning of Rule 805, Rules of Bankruptcy Procedure. The Bankruptcy Court filed the requested

---

1. Appellant has filed three separate notices of appeal. Appellant's first notice of appeal was filed on March 27, 1980, and appealed certain interim orders of the Bankruptcy Court. The second notice of appeal was filed on April 1, 1980, and appealed the Bankruptcy Court's order overruling Appellant's objections to the claims of Leroy Properties and Development Corporation and P.M. & M. Company of Oklahoma, Inc. The third notice of appeal was filed on April 14, 1980, and appealed the Bankruptcy Court's Order with respect to the sale of Debtor's property. On February 27, 1981, the Appellant filed an Amended Supplement to the Appeal. The instant Order is dispositive of all of the above appeals by Appellant, as supplemented.

Supplemental Findings with this Court on February 23, 1981, wherein it was found that Leroy Properties and Development Corporation was a good faith purchaser within the meaning of Rule 805, *supra.*

Movants contend in their Motion to Dismiss Appeal that as Appellant failed to file a supersedeas bond on or before April 23, 1980, as ordered by this Court, the now final "Order Approving and Confirming Sale" entered by the Bankruptcy Court on April 25, 1980 constitutes an order approving the sale of property to a good faith purchaser and, therefore under Rule 805, *supra,* the sale by the Debtor of its property pursuant to said order may not be affected by the reversal or modification of such order on appeal.[2] Thus, Movants assert that Appellant's appeals are rendered moot as this Court is unable to grant any effective relief.

Appellant responds that his appeals are not moot as only the orders concerning the sale of the Debtor's property are affected by Rule 805, *supra,* and that Leroy Properties and Development Corporation was not a good faith purchaser within the meaning of said Rule.

An appeal from a bankruptcy court's order confirming the sale of property to a good faith purchaser is moot unless a required supersedeas bond to obtain a stay is posted or said order itself provides for a stay pending appeal. *In re Rock Industries Machinery Corp.,* 572 F.2d 1195 (Seventh Cir.1978); *In re Combined Metals Reduction Company,* 557 F.2d 179 (Ninth Cir.1977); *In re National Homeowners Sales Service Corporation,* 554 F.2d 636 (Fourth Cir.1977); *Local Joint Executive Board AFL–CIO v. Hotel Circle, Inc.,* 419 F.Supp. 778 (S.D.Cal.1976), *aff'd,* 613 F.2d 210 (Ninth Cir.1980); *see also* Annot., Stay of Judgment or Order of Referee Pending

Appeal, Under Rule 805 of Rules of Bankruptcy, 44 A.L.R.Fed. 896 (1979). Furthermore, an appeal will be dismissed as moot when events occur which prevent the appellate court from granting any effective relief, even if the dispute is decided in favor of the appellant. *In re Combined Metals Reduction Company, supra.*

In the instant case, Appellant has appealed the order of the Bankruptcy Court with respect to the sale of the Debtor's property. Said property has been sold and the sale confirmed. The Appellant contends that as the general partner of the Debtor owned a substantial interest in Leroy Properties and Development Corporation, the purchaser of Debtor's assets, said purchaser cannot be a good faith purchaser within the meaning of Rule 805.

The Appellant relies on *In re Ferris,* 415 F.Supp. 33 (W.D.Okl.1976), for the proposition that Leroy Properties and Development Corporation cannot be a good faith purchaser under Rule 805 as Leo Frey is both the general partner of the Debtor and a major stockholder in Leroy Properties and Development Corporation. Appellant's reliance in the *Ferris* case is misplaced. The *Ferris* case defines what is required to be a bona fide purchaser so as to cut off the rights of the trustee to recover a bankrupt's estate under 11 U.S.C. § 107(d)(6). There is no requirement under rule 805 which requires a person to be a *bona fide* purchaser. Rather, Rule 805 only provides that unless there is a stay an approved sale to a *good faith* purchaser cannot be affected by decisions on appeal.

The Appellant contends that because of Leo Frey's relationship with both the Debtor and Leroy Properties and Development Corporation, Leroy Properties cannot be a good faith purchaser as a matter of law.

---

**2.** Rule 805, Rules of Bankruptcy Procedure, provides in part:

A motion for a stay of judgment or order of a referee, for approval of a supersedeas bond, or for other relief pending appeal must ordinarily be made in the first instance to the referee.... *Unless an order approving a sale of property or issuance of a certificate of*

*indebtedness is stayed pending appeal, the sale to a good faith purchaser or the issuance of a certificate to a good faith holder shall not be affected by the reversal or modification of such order on appeal, whether or not the purchaser or holder knows of the pendency of the appeal.* (Emphasis added).

This contention finds no support in law. The main objective of bankruptcy liquidation requires the widest possible market for the bankrupt's assets. Accordingly, the debtor or any creditor or their attorneys may purchase property of the debtor's estate in a bankruptcy sale. *See* 4B Collier on Bankruptcy (14th ed.), ¶ 70.98[15]. Under Rule 805, as pointed out above, the buyer is only required to be a good faith purchaser.

The requirement that a purchaser be in good faith, with regard to Rule 805, speaks to the integrity of his conduct in the course of the sale proceedings. Misconduct that would destroy good faith status at a judicial sale involves fraud, collusion between purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders. Knowledge of the appeal or grounds for appeal does not affect good faith status. *In re Rock Industries Machinery Corp., supra; Annot., supra,* 44 A.L.R.Fed. at 900 § 4. In the instant case, the Bankruptcy Court has specifically found upon remand (of January 30, 1981), that Leroy Properties and Development Corporation was a good faith purchaser. This finding does not appear to be clearly erroneous. Moreover, the sale in question was closely monitored at the time by the Bankruptcy Court. Notice of the sale was published, bids were taken and the highest bid happened to be the upset price bid by a major creditor of the Debtor. Such high bid resulted in the sale of the Debtor's property to such bidder which sale the Bankruptcy Court has confirmed. Inherent in such confirmation is the Bankruptcy Judge's determination that he was approving a sale to a good faith purchaser. Therefore, this Court determines on appeal that the confirmed sale of the Debtor's property was to a good faith purchaser within the meaning of Rule 805, *supra,* and that the Order approving such sale has not been superseded. Under these circumstances this Court has no power to reverse the sale. Therefore, Appellant's appeal of the sale of Debtor's property is moot.

■ Appellant's appeals of the Bankruptcy Court's interim orders confirming the plan of reorganization, overruling a request for the appointment of trustees, examiners and a committee of equity security holders, and overruling Appellant's motion to dismiss proceedings in the Bankruptcy Court are all related to the property of debtor which has been sold and the sale confirmed. Appellant has also appealed the Bankruptcy Court's order overruling his objections to the claims of Leroy Properties and Development Corporation and P.M. & M. Company of Oklahoma, Inc., and approving such claims in their entirety.

In this connection Appellant asserts that the unsecured claim of P.M. & M. cannot be used as a part of an offset against the purchase price bid by Leroy Properties and Development Corporation. Appellant further contends that the secured claim of Leroy Properties and Development Corporation was itself in dispute in the Bankruptcy Court and therefore could not be used by Leroy Properties and Development Corporation as an offset against the purchase price bid. These contentions of Appellant are without merit. Under the Plan of Reorganization confirmed by the Bankruptcy Court on March 24, 1980, Leroy Properties and Development Corporation bid its secured claim, which had been disputed by Appellant, but was approved by the Bankruptcy Court. Leroy Properties further agreed to pay the unsecured liability of Debtor to P.M. & M. and to take the property subject to the first mortgage held by John Hancock Life Insurance Company. The only debt Leroy Properties and Development Corporation offset against the purchase price bid was its own secured mortgage which was determined to be valid by the Bankruptcy Court on March 24, 1980, and again on March 28, 1980, and in its Order of May 1, 1980. The P.M. & M. approved claim was not "set off"—it was paid.

These claims of Leroy Properties and Development Corporation and P.M. & M. have apparently been completely satisfied as part of the purchase of the property in question. All of Appellant's appeals of interim orders

are directly related to the ultimate sale of the Debtor's only asset, the apartment complex. This Court no longer has the power to reverse the sale of that property. Even if Appellant was successful on appeal the Court is without power to give relief to Appellant as the only asset involved, the apartment complex, has been sold. Appellant had an opportunity to stay the sale of the Debtor's assets and chose not to post the required supersedeas bond. Therefore, all of Appellant's appeals are now moot.

Appellant did not obtain a stay of the Bankruptcy Court's order confirming the sale of Debtor's property by posting a supersedeas bond as ordered by this Court, although Appellant was given an opportunity to do so by both the Bankruptcy Court and this Court. And as the approved sale was to a good faith purchaser, the Court finds and concludes that the instant appeals are moot. In these circumstances this Court need not consider Appellant's request that Bankruptcy Judge Robert L. Berry be ordered disqualified from conducting any further proceedings herein. Accordingly, Movant's Motion to Dismiss Appeal should be granted and Appellant's appeals should be dismissed.

IT IS SO ORDERED this 17th day of March, 1981.