# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 17, 2021

Lyle W. Cayce
Clerk

No. 21-50230

In the Matter of: Walker M. Schmidt

Berry Contracting, L.P., *doing business as* Bay, Ltd.; Schmidt Oilfield Services Venture,

*Appellants*,

*versus*

Walker M. Schmidt,

*Appellee*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:20-CV-1234

Before Higginbotham, Higginson, and Duncan, *Circuit Judges*.
Stephen A. Higginson, *Circuit Judge*:*

Appellants Berry Contracting, L.P. and Schmidt Oilfield Services Venture appeal a district court decision affirming two bankruptcy court

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-50230

orders which granted Appellee's motion to dismiss and denied Appellants' motion for reconsideration, respectively. We AFFIRM.

I.

This case's procedural history has been described in detail by the district court and the bankruptcy court. *See Berry Contracting LP v. Schmidt (In re Schmidt)*, No. 5:20-CV-1234-FB, 2021 U.S. Dist. LEXIS 60396, at *1–3 (W.D. Tex. Feb. 26, 2021); *Berry Contracting LP v. Schmidt (In re Schmidt)*, 618 B.R. 813, 814–15 (Bankr. W.D. Tex. 2020). As summarized by the district court:

> On July 12, 2019, the appellee, Walker M. Schmidt, filed his Voluntary Petition under Chapter 7. On September 16, 2019, the Bankruptcy Court entered an Order Granting the Chapter 7 Trustee's Motion for Extension of Certain Case Deadlines. On April 10, 2020, the appellants, Berry Contracting LP and Smith Oilfield Services Venture, filed their Motion to Extend Deadline to Object to Discharge and Dischargeability (the "Motion to Extend") in appellee's Chapter 7 bankruptcy case. Appellee filed a Response to the Motion to Extend, objecting to extending the deadline to object to discharge and dischargeability. On June 2, 2020, the Bankruptcy Court conducted a hearing to consider whether cause exists to extend appellants' deadline for objecting to dischargeability.
>
> On May 6, 2020, the Clerk of the Bankruptcy Court sent a Notice of Hearing to all parties setting the Motion to Extend for hearing on June 2, 2020. On May 29, 2020—prior to the hearing and despite there being no order from the Bankruptcy Court granting appellants' Motion to Extend—appellants filed their Complaint to Determine Dischargeability (the "Complaint").
>
> On June 2, 2020, appellants appeared at the hearing on their Motion to Extend and unexpectedly requested the Bankruptcy Court mark the Motion to Extend as moot. Both opposing

counsel and the Bankruptcy Court expressed concerns that mooting appellants' Motion to Extend without the Bankruptcy Court finding that cause exists for granting an extension to file objections to dischargeability might render appellants' Complaint untimely. Nevertheless, appellants insisted the Bankruptcy Court mark appellants' Motion to Extend as moot. The Bankruptcy Court granted appellants' request.

On June 9, 2020, appellee filed his Rule 12(b)(6) Motion to Dismiss and supporting brief. On June 30, 2020, appellants filed their Response to Defendant's Rule 12(b)(6) Motion to Dismiss. On August 4, 2020, the Bankruptcy Court conducted a hearing and took the matter under advisement.

On August 28, 2020, the Bankruptcy Court issued an Order Granting Defendant's Rule 12(b)(6) Motion to Dismiss (ECF No. 5). The Bankruptcy Court found that, without a Court order extending appellants' deadline to object to dischargeability, appellants' Complaint was untimely and must be dismissed. Appellant filed a Motion for Reconsideration, which was denied by the Bankruptcy Court on October 6, 2020.

*In re Schmidt*, 2021 U.S. Dist. LEXIS 60396 at *1–3. The district court affirmed the bankruptcy court's orders granting Appellee's motion to dismiss and denying Appellants' motion for reconsideration. *Id.* at *10. Appellants now seek reversal of the district court's order.

## II.

When we "review the decision of a district court, sitting as an appellate court, we apply the same standards of review to the bankruptcy court's findings of fact and conclusions of law as applied by the district court." *In re Entringer Bakeries, Inc.*, 548 F.3d 344, 348 (5th Cir. 2008) (per curiam) (quotation marks omitted). We thus review the bankruptcy court's findings of fact for clear error and its legal conclusions de novo. *In re Gerhardt*, 348 F.3d 89, 91 (5th Cir. 2003). We review a Rule 12(b)(6)

No. 21-50230

dismissal of an adversary complaint in bankruptcy de novo, *In re Gauthier*, 349 F. App'x 943, 944 (5th Cir. 2009) (per curiam) (unpublished), accepting all of the plaintiff's "well-pleaded facts as true and view[ing] all facts in the light most favorable to the plaintiff," *Thompson v. City of Waco*, 764 F.3d 500, 502–03 (5th Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). If a successful affirmative defense appears based on the facts pleaded and judicially noticed, then dismissal under Rule 12(b)(6) is proper. *See Kansa Reinsurance Co. v. Cong. Mortg. Corp.*, 20 F.3d 1362, 1366 (5th Cir. 1994); *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007).

III.

As the bankruptcy court found, the deadline for Appellants to file objections to discharge or dischargeability was April 18, 2020. On April 10, 2020, Appellants filed a timely motion to extend this deadline. Before the bankruptcy court ruled on Appellants' motion to extend, Appellants filed their complaint to determine dischargeability (the "Complaint") on May 29, 2020—41 days after the April 18 deadline. During the hearing on June 2, 2020, Appellants asked the bankruptcy court to mark their motion to extend as moot, and the bankruptcy court granted their request.

The issue is thus whether Appellants' motion to extend suspended the April 18 filing deadline even though the motion was mooted before the bankruptcy court determined if cause was shown to extend the deadline. Appellants argue that the filing of such an extension motion suspends the objection deadline, even where, as here, the extension motion is mooted before the bankruptcy court has an opportunity to rule on it. We disagree.

Rule 4007(c) of the Federal Rules of Bankruptcy Procedure prescribes the time for filing objections to dischargeability under 11 U.S.C. § 523: "[A] complaint to determine the dischargeability under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under

§ 341(a)." FED. R. BANKR. P. 4007(c). Rule 4004(b)(1), in turn, governs extensions to objections to discharge: "On motion of any party in interest, after notice and hearing, the court may for cause extend time to object to discharge. Except as provided in subdivision (b)(2), the motion shall be filed before the time has expired." FED. R. BANKR. P. 4004(b)(1).

Here, the deadline to file objections to dischargeability was April 18, 2020. Although Appellants timely filed a motion to extend this deadline on April 10, 2020, this motion was mooted at Appellants' request before the bankruptcy court had the opportunity to determine if cause was shown. Without an order finding cause and granting Appellants' motion to extend, the deadline for filing objections remained April 18, 2020. *Cf. In re Foistner*, No. 17-10796, 2018 Bankr. LEXIS 292, at *7 (Bankr. D.N.H. Feb. 5, 2018) (reasoning that where a movant filed a timely extension motion under Rules 4004(b)(1) and 4007(c) but later withdrew the motion, movant's complaint, filed after the original filing deadline, was untimely).[1] Appellants' Complaint—filed 41 days after this deadline—was therefore untimely and was properly dismissed.

AFFIRMED.

---

[1] Appellants cite *In re Pappas*, a Second Circuit Bankruptcy Appellate Panel decision, as holding that the filing of an extension motion suspends the deadline for filing a § 523 complaint even if the motion is subsequently withdrawn. *In re Pappas* does not stand for this proposition because that case did not concern an extension motion that was mooted or withdrawn at the movant's request. *See Pappas v. Int'l Mins. & Res., S.A. (In re Pappas)*, 215 B.R. 646, 649–51 (B.A.P. 2d Cir. 1998).